Earl Roy **COOPER**, Plaintiff–Appellant,

v.

**CITY OF GREENWOOD, MISSISSIPPI and Leflore County, Mississippi,** Defendants–Appellees.

Earl Roy **COOPER**, Plaintiff–Appellant,

v.

**CITY OF GREENWOOD, MISSISSIPPI,** Defendant–Appellee.

Nos. 89–4396, 89–4642.

United States Court of Appeals, Fifth Circuit.

June 29, 1990.

Rehearing and Rehearing En Banc Denied Aug. 13, 1990.

Estes & Waide, Jim Waide, Tupelo, Miss., for plaintiff-appellant.

Robert Lawson Holladay, Drew, Miss., for City of Greenwood.

Frederick B. Clark, Greenwood, Miss., for Leflore County.

Before WISDOM, POLITZ, and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

Earl Roy Cooper appeals an adverse summary judgment rejecting his 42 U.S.C. § 1983 suit against the City of Greenwood, Mississippi and Leflore County, Mississippi for the seizure and sale of a number of firearms Cooper assertedly owned but which, as a convicted felon, he could not legally possess. Cooper's attorney appeals the imposition of Fed.R.Civ.P. 11 sanctions. For the reasons assigned we reverse the summary judgment and vacate the imposition of sanctions.

### Background

The Greenwood city police, assisted by Leflore County deputy sheriffs, executed a search warrant of an animal hospital and clinic owned by Cooper's son-in-law, seizing from the attic thereof 201 firearms. Cooper, a convicted felon, was indicted for receipt and possession of the firearms in violation of 18 U.S.C. § 1202(a), now § 922(g). Cooper was convicted on a guilty plea and was sentenced to a jail term. Thereafter the City of Greenwood, which had retained custody of the firearms, sold them at public auction,[1] and split the $30,000 proceeds received with Leflore County. It is undisputed that neither the city, the county nor the federal government sought or obtained court authorization to dispose of the firearms. The city and county authorities acted on their own.

Claiming ownership of the firearms, Cooper brought this action against the city and county, alleging violations of his fourth and fourteenth amendment rights, and seeking money damages of $30,000, a sum represented to be one-half the value of the firearms. The district court granted summary judgment to both defendants, dismissing Cooper's claims with prejudice. On motion it awarded $2500 in Rule 11 sanctions against Jim Waide, Cooper's attorney, for failing to make a reasonable investigation before filing suit on Cooper's behalf. Cooper and Waide timely appealed.

### Analysis

1. *Summary Judgment.*

The issues presented on appeal are legal and are subject to plenary review. *Netto v. Amtrak,* 863 F.2d 1210 (5th Cir. 1989). Cooper contends that he has a property interest in the firearms and thus was entitled to some measure of process prior to their disposition. Appellees maintain that Cooper lost whatever property interest he might have had when he was convicted of illegally possessing the firearms. Concluding that the firearms are not contraband *per se,* we hold that Cooper's claimed ownership interest in the firearms survived his criminal conviction and could not be extinguished without according him due process.[2]

"The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *United States v. Farrell,* 606 F.2d 1341, 1343 (D.C.Cir.1979) (quoting *United States v. La Fatch,* 565 F.2d 81, 83 (6th Cir.1977), *cert. denied,* 435 U.S. 971, 98 S.Ct. 1611, 56 L.Ed.2d 62 (1978)). Contraband is of two types: contraband *per se* and derivative contraband. Contraband *per se* consists of objects which are "intrinsically illegal in character," "the possession of which, without more, constitutes a crime." *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 699–700, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965). A typical example is cocaine, a controlled substance, the posses-

---

1. Apparently exempted from the sale were a number of guns which the Greenwood police determined to have been stolen and returned to their owners.

2. The propriety of forfeiture as a criminal penalty for Cooper's § 1202(a) conviction is not at issue in this appeal. Concededly 18 U.S.C. § 3665 (formerly § 3611) provides for forfeiture of firearms used in perpetrating a felony as punishment for the offense. However, this provision can be invoked only if the indictment alleges the property subject to forfeiture and a judgment of criminal forfeiture is entered. Fed. R.Crim.P. 7(c)(2), 32(b)(2); *United States v. Seifuddin,* 820 F.2d 1074 (9th Cir.1987). The government did not invoke section 3665 with respect to the 201 firearms involved herein.

sion of which is unlawful under the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* Courts will not entertain a claim contesting the confiscation of contraband *per se* because one cannot have a property right in that which is not subject to legal possession. *Id.; United States v. Jeffers,* 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951), *overruled on other grounds, Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

By contrast, derivative contraband includes items which are not inherently unlawful but which may become unlawful because of the use to which they are put—for example, an automobile used in a bank robbery. *One 1958 Plymouth Sedan.* Because a property interest in derivative contraband is not extinguished automatically if the item is put to unlawful use, the forfeiture of such an item is permitted only as authorized by statute, *Farrell,* and such forfeitures are subject to scrutiny for compliance with the safeguards of procedural due process. *See, e.g., United States v. $8,850 in U.S. Currency,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983); *United States v. $23,407.69 in U.S. Currency,* 715 F.2d 162 (5th Cir.1983); *Vance v. United States,* 676 F.2d 183 (5th Cir.1982).

The essential inquiry posed by the instant case may be stated thusly: Is a firearm in the possession of a felon more akin to cocaine or to an automobile used in a bank robbery? We are persuaded that it is more akin to the latter. A firearm, unless of the type proscribed by the National Firearms Act, 26 U.S.C. § 5801 *et seq.,* is not inherently illegal; its possession, "without more," does not constitute a crime. In Cooper's case, the "something more" is Cooper's membership in a category of persons prohibited from possessing firearms. The same firearms could be possessed legally by persons not subject to the felon categorization. *See United States v. Seifuddin,* 820 F.2d 1074 (9th Cir.1987). As aptly observed by a trial court colleague

in language apropos of the situation now before us:

> It must be noted that the guns here are not stolen guns or sawed-off shot-guns or other weapons defined in 26 U.S.C. § 5845 ... which must be registered pursuant to 26 U.S.C. § 5841.... Consequently, the guns cannot be termed "contraband" subject to forfeiture as are illegal narcotics ... or untaxed whiskey.... In short, the guns, *in rem,* are not illegal. They become illegal only because [the owner] was technically a convicted felon in possession of them.

*United States v. One Lot of Eighteen Firearms,* 325 F.Supp. 1326, 1329 (D.N.H. 1971) (citations omitted). Accordingly, we hold that firearms other than those proscribed by the National Firearms Act are not contraband *per se. Cf. Lowther v. United States,* 480 F.2d 1031 (10th Cir. 1973);[3] *McKeehan v. United States,* 438 F.2d 739 (6th Cir.1971); *Covington v. Winger,* 562 F.Supp. 115 (S.D.Mich.1983) (on motion for reconsideration), *aff'd,* 746 F.2d 1475 (6th Cir.1984), *cert. denied,* 470 U.S. 1056, 105 S.Ct. 1764, 84 L.Ed.2d 826 (1985); *United States v. One Assortment of 25 Firearms,* 483 F.Supp. 16 (E.D.Tenn. 1979); *United States v. Davis,* 346 F.Supp. 435 (S.D.Ill.1972); *but cf. United States v. Ten Miscellaneous Firearms,* 622 F.Supp. 759 (D.Neb.1985). Cooper therefore has a constitutionally protected property interest in those of the 201 firearms which were not within the ambit of 26 U.S.C. § 5845(a).

Cooper's property interest, however, is limited to an ownership interest; as a convicted felon he cannot legally possess the guns. Appellees argue that Cooper's legal incapacity to possess the firearms renders a forfeiture proceeding an empty and needless formality, thus legitimating their extra-judicial action. We reject that proposition.

Under 18 U.S.C. § 924(d)(1), firearms involved in a violation of § 922(g) (§ 1202(a) at the time of Cooper's offense) "shall be

---

**3.** The *Lowther* court also held that acquittal of the underlying criminal charge barred forfeiture. This holding was overruled in *United States v. One Assortment of 89 Firearms,* 465

U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), which in turn was superseded by the 1986 amendments to 18 U.S.C. § 924(d), P.L. No. 99–308, § 104, 100 Stat. 449, 457 (1986).

subject to ... forfeiture" if the federal government commences forfeiture proceedings within 120 days of seizure. *See* 26 U.S.C. §§ 7321–28. Appellees may be correct in their argument that Cooper's challenge to the constituent elements of a § 924(d) forfeiture action would have received a summary rejection because of his criminal conviction. *See United States v. Thomas,* 709 F.2d 968 (5th Cir.1983), *later proceeding,* 768 F.2d 686 (1985), *cert. denied,* 475 U.S. 1014, 106 S.Ct. 1194, 89 L.Ed.2d 309 (1986) (a criminal conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action). Nonetheless, consistent with constitutional requisites, Congress has provided that every claimant is entitled to his/her day in court. Cooper was denied that right by appellees' actions. 26 U.S.C. §§ 7323(a), 7325(3); 27 C.F.R. § 72.22(b). Further, had statutory proceedings been instituted Cooper would have had an opportunity to seek remission or mitigation at the discretion of the Director of the Bureau of Alcohol, Tobacco and Firearms (BATF). 26 U.S.C. § 7327; 19 U.S.C. § 1618; 27 C.F.R. Part 72, Subpart D (1989). Although his chances of success might have been minimal, he nonetheless had the right to apply. Appellees' actions vitiated that entitlement. In addition, notice of the proceedings would have been published, thereby providing other persons who might have had an interest in the firearms an opportunity to assert their claims. 26 U.S.C. § 7325(2); 28 U.S.C. § 2461(b); Fed.R.Civ.P., Supp. Rule C(4); *United States v. United States Currency Etc.,* 754 F.2d 208 (7th Cir.1985).

Further, although appellees correctly maintain that the firearms may not legally be returned to Cooper's possession, BATF regulations provide an alternate remedy. The Director of the BATF may order property sold for the account of a claimant or may accept an offer of compromise, for example, the partial remission of sale proceeds. 27 C.F.R. § 72.39. We see no reason that a court likewise could not order a sale for the account of a claimant who, like Cooper, legally could not possess firearms, were forfeiture to be denied for any reason.

In any event, the federal government did not institute a § 924(d) forfeiture action and appellees did not institute forfeiture proceedings under state law. In fact, appellees have not represented to us that they have statutory authority under Mississippi law to institute forfeiture proceedings on the facts of this case. Cooper was afforded no process whatever with respect to the sale of the firearms. The summary judgment must be reversed.

### 2. *Rule 11 Sanctions*

■ The district court sanctioned Waide for failing to make a reasonable investigation of the facts and law, as required by Rule 11 of the Federal Rules of Civil Procedure, prior to filing Cooper's complaint. In the district court's view, a reasonable investigation would have revealed that Cooper had pled guilty to possession of the 201 firearms and thus would have disclosed that Cooper had no protectable property interest to assert. We obviously have concluded otherwise. The sanction was improvidently imposed and it is vacated.

The summary judgment in favor of the City of Greenwood and Leflore County is REVERSED and the matter is REMANDED for proceedings consistent with this opinion; the imposition of sanctions against Jim Waide, Esq., is VACATED.