In re **GRAND JURY SUBPOENA DUCES TECUM ISSUED TO: ROE & ROE, INC.**

No. Civ.A.MJG–99–812.

United States District Court, D. Maryland.

April 14, 1999.

Richard A. Udell, Special Assistant U.S. Attorney, W. Warren Hamel, Assistant U.S. Attorney, U.S. Attorneys Office, Baltimore, MD, for plaintiff United States.

Philip L. Kellogg, James L. Lyons, Kellogg, Williams & Lyons, Washington, D.C., for defendant Roe & Roe, Inc.

### MEMORANDUM AND ORDER

GARBIS, District Judge.

## I.  BACKGROUND

At all times relevant hereto, Roe & Roe, Inc. ("R & R") has been engaged in the business of importing and selling certain food products.  In December of 1998, R & R's overseas supplier sent four shipments of products to the United States.  When the shipments arrived at Dulles International Airport, they were inspected by the United States Fish and Wildlife Service ("USFWS").  The shipments were not cleared for entry into the United States and were held [1] in a customs bonded warehouse at Dulles.  By early February, R & R was aware that preliminary analysis of samples of the shipments indicated that they contained products inconsistent with those stated on the shipment's packing lists and accompanying re-export permits.

On March 2, 1999, a search warrant was executed at R & R's Maryland facility. Various items were seized.

On March 19, 1999, the United States Customs Service ("USCS") seized the products stored in R & R's customs bonded warehouse at Dulles ("the Dulles products").

Pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, R & R seeks return (i.e. possession) of the Dulles products.

## II.  DISCUSSION

### A.  Rule 41(e) Legal Principles

#### 1.  Generally

Federal Rule of Criminal Procedure 41(e) provides that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move ... for the return of the property on the ground that such person is entitled to lawful possession of the property."  In the instant case, R & R contends that it is entitled to the return (i.e. possession) of the Dulles products.

In resolving a motion for the return of property pursuant to Federal Rule of

---

1. And are currently held.

Criminal Procedure 41(e), a district court must bear in mind several principles. First, "[r]easonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." *Property Seized from ICS Cutting Tools, Inc.*, 163 F.R.D. 292, 296 (E.D.Wis. 1995) *quoting* Advisory Committee Notes accompanying 1989 amendments to Rule 41(e). Furthermore, as the Advisory Committee Notes provide, "[i]f the United States has a need for the property in investigation or prosecution, its retention of the property generally is reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would be unreasonable."

■ Therefore, when faced with a Rule 41(e) motion, "courts must balance the government's interests in holding the property against the owner's right to use the property." *Id.* "In striking this balance, courts need not order the return of lawfully seized property where the government has a 'continuing interest' in the property.... [I]n this regard, an ongoing criminal investigation is an appropriate 'continuing interest.' " [2] *United States v. Carter*, 859 F.Supp. 202, 204–205 (E.D.Va. 1994), *aff'd*, 139 F.3d 424 (4th Cir.1998) *quoting Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir.1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983).

### 2. Burden of Proof [3]

■ When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), "the movant bears the burden of proving both that the seizure was illegal and that he ... is entitled to lawful possession of the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir.1987) *citing* 3 C. Wright, Fed. Prac. & Proc., Criminal 2d § 673 at 753–54. "However, when the property in question is no longer needed for evidentiary purposes, the burden of proof changes." *Martinson*, 809 F.2d at 1369.

At that point, "[t]he person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to not return the property." *Id.* Furthermore, "[i]n such a case, the legality of the search and seizure is no longer an issue; even if the seizure was lawful the government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture." *Id. See also Sovereign News Co.*, 690 F.2d at 577; *Premises Known as 608 Taylor Ave.*, 584 F.2d at 1302. Therefore, "[a] district court has both the jurisdiction and the duty to return the contested property 'once the government's need for it has ended.' " *Martinson*, 809 F.2d at 1370 *quoting United States v. Wilson*, 540 F.2d 1100, 1103–04 (D.C.Cir.1976).

### C. Reasonableness of Government's Retention

### 1. Government's Needs

### a. Evidentiary Use

■ The Government asserts that because the investigation into R & R's activities is in its initial stages, it has a "continuing interest" in the products thereby

---

**2.** However, even if the Government has a continuing evidentiary interest in the property, it may not "hold property for an 'unreasonable time' without taking some action with regard to the property". *United States v. Carter*, 859 F.Supp. 202, 205 (E.D.Va.1994), *aff'd*, 139 F.3d 424 (4th Cir.1998) *quoting United States v. Premises Known as 608 Taylor Ave., Apt. 302*, 584 F.2d 1297, 1302 (3d Cir.1978). R & R does not contend that the length of the detention is *per se* unreasonable, but that it is unreasonable in light of the absence of any reason to retain the Dulles products once the Government's evidentiary needs have been satisfied.

**3.** It appears that the United States Court of Appeals for the Fourth Circuit has not yet addressed this issue.

allowing it to retain them. Gov't Resp. at 16–18. The Court cannot agree. Here, the Government has obtained (or can obtain immediately) everything that it truly needs for evidentiary purposes. Like the movant in *Premises Known as 608 Taylor Ave.*, R & R agrees that the Government may sample, photograph, or otherwise preserve the evidentiary value of the products (and the labels or packaging materials in which it was shipped)[4]. It is unreasonable to expect that the Government would introduce in evidence more than a representative sample of the products, labels, containers, etc. It can now count, weigh, test, or photograph to the full extent it wishes to do so. However, it cannot hold for evidentiary use the entirety of the seized shipments.

Because the Government's evidentiary needs are satisfied, it must articulate some other continuing interest in the property (that outweigh's R & R's interest in its return) in order to lawfully retain the products for evidentiary use. The Court concludes that none of the Government's assertions of a continuing interest in the property entitle it to retain the products on the authority of a seizure or subpoena for evidence when it has satisfied its evidentiary needs and R & R faces severe harm if the Dulles products are kept from it.

The Court is not finding that the Government must necessarily return the property. However, insofar as evidentiary use is concerned, the Dulles products (except for samples) must be returned. Any further retention must be based on legal authority other than a search warrant seizure or subpoena for evidentiary purposes.

#### b. *Continuing Interest*

The Government contends that it is entitled to the Dulles products because there is an ongoing investigation (in its early stage) into the legality of the products. Gov't Resp. at 16–18. As stated above, any legitimate needs that the Government may have in this regard can be satisfied by utilizing the samples it will retain. Moreover, like the movant in *Premises Known as 608 Taylor Ave.*, 584 F.2d at 1301[5], R & R seeks the return of property on the grounds that it is aggrieved by the deprivation of the property to which it is lawful entitled. "Such an argument does not relate to issues germane to a criminal trial which might result from the government's investigation." *Id.* Moreover, the length of time that the Government has retained the Dulles products, while not unreasonable on its face, favors return to R & R when considering that the products are business inventory in which the Government has no continuing evidentiary need.

Further, although the Government is " 'clearly permitted to seize evidence for use in investigations and trial ... the government may not by exercising its power to seize effect a de facto forfeiture by retaining the property seized indefinitely.' " *Carter*, 859 F.Supp. at 204 *quoting Premises Known as 608 Taylor Ave.*, 584 F.2d at 1302. A de facto forfeiture, however, is exactly what would happen if, as here, the Government, having satisfied its evidentiary needs, has failed to articulate legitimate reasons for holding the property in light of the harm caused to the movant.

#### c. *Derivative Contraband*[6]

The Government asserts that it can retain the products on the basis that they

---

**4.** Moreover, R & R indicated that it will stipulate that the samples retained by the Government are representative of the entirety of the products.

**5.** The movant in *Premises Known as 608 Taylor Ave.*, 584 F.2d at 1301, based his motion for return of property on the grounds that "the government violated due process by con-

tinuing to hold the property without bringing any action to which the property would relate."

**6.** The products in issue are not contraband *per se*. *See Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir.1990) (stating that contraband *per se* consists of items which are "[i]ntrinsically illegal in character.")

are derivative contraband. *See Cooper v. City of Greenwood,* 904 F.2d 302, 305 (5th Cir.1990). Whether the products are, in fact, derivative contraband has not been adjudicated by this Court. Simply put, the Government cannot establish that a *per se* legal product is derivative contraband based upon the contents of sealed affidavits that were executed to obtain search warrants. If the Government can establish, in a proper proceeding, that the products are contraband, it may well have a right to block R & R's possession. But, to so prove would require providing R & R with due process in regard to the matter.

### d. *Customs Laws*

The Government has asserted that R & R may not be entitled to the possession of the products seized at Dulles because of issues related to U.S. customs laws. This Court does not have before it the question whether the customs laws prevent R & R from taking possession of the Dulles products. The Court has before it only the question of the effect of any seizure authorized by search warrant or subpoena for evidentiary purposes. The Court is clearing *that* impediment (the Government's purported right to hold the property for use as evidence in the ongoing investigation) to R & R's possession. The Government remains free to contend, in a proper manner, that it can prevent R & R from bringing the products into the country on customs law grounds and may assert such grounds in the normal fashion. R & R would then have its generally available rights to contest the Government's position or action. It may be, as suggested at argument, that certain issues will have to be resolved by the Court of International Trade. So be it. In any event, the potential customs law issues are not now presented to *this* Court.

### e. *Other Claimants*

■ The Government contends that it is not established that R & R is the sole entity that has an ownership interest in the Dulles products. Even if R & R has the burden of establishing that it is entitled to the products, the record before the Court establishes that R & R has an entitlement to (and at least partial ownership interest in) the Dulles products. Any other claimants to the Dulles products are free to take such actions as they wish to protect their interests. The possible existence of other claimants to the Dulles products does not give the *Government* a right to retain it.

### f. *Forfeiture*

■ The Government argues that the Dulles products might be subject to civil forfeiture. Of course, the Government is free to exercise its legal rights in regard to any forfeiture claim. The Government, however, may no longer retain all of the products for evidentiary purposes which it can satisfy by retaining appropriate samples, photographs etc.. Nor can the Government retain the property on the ground that it may, *at some future time,* take steps to effect forfeiture.

### 2. *R & R's Interest in the Dulles Products*

At the hearing, R & R offered substantial evidence that it would be harmed by the Government's retention of the Dulles products. Although the precise degree of harm can be debated, the Court concludes that R & R is in precarious financial circumstances and will be severely injured if deprived of inventory with a value on the order of one million dollars. Because the Government can obtain all evidentiary use of the Dulles products through the retention of reasonable samples, there is no legitimate reason for it to retain the entirety of the products. The Government may, however, retain a reasonable sample of the items seized for evidentiary use in the ongoing investigation.

### III. *CONCLUSION*

For the foregoing reasons:

1. Roe & Roe Inc.'s Motion for the Return of Property pursuant to Federal Rule of Criminal Procedure 41(e) is hereby GRANTED with regard to the products seized at Dulles Airport on March 19, 1999.

2. The Government is entitled to retain for evidentiary use only a reasonable amount of samples of items from the Dulles Airport products.

3. The Government shall, by Tuesday, April 20, 1999 release the items held at Dulles Airport (other than a reasonable amount of samples of said items) from any claim based on any search warrant seizure and/or any grand jury subpoena for evidentiary use in an ongoing investigation.

4. The Court is not, by this Order, prohibiting the Government from taking a legal position or action that may prevent R & R from taking possession of the Dulles products as long as R & R is afforded all legal rights with respect to any such position or action.