# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2250

_____

United States of America,       *
                               *

           Appellee,       *

                               *   Appeal from the United States

vs.                        *   District Court for the Southern

                               *   District of Iowa.

Wayne Gene Benson,       *

                               *        **[PUBLISHED]**

           Appellant.     *

_____

Submitted: March 25, 1999

Filed: July 12, 1999

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

In 1992, Wayne Gene Benson pleaded guilty to federal drug conspiracy and firearm offenses and was sentenced to fifteen years in prison. Some time later, the government filed a Motion To Dispose of Evidence and Firearms under 18 U.S.C. § 3665. In July 1993, finding that Benson's conviction under 18 U.S.C. § 924(c) entitled the government to relief under § 3665, the district court ordered firearms, accessories, and ammunition that had been trial exhibits "released to an agent of the Iowa Division of Narcotics Enforcement for proper disposition." That was done in

November 1993. After the Supreme Court decided <u>Bailey v. United States</u>, 115 S. Ct. 501 (1995), the government conceded that Benson's § 924(c) conviction was improper, and the district court vacated that conviction. In October 1997, Benson filed this motion under Fed. R. Crim. P. 41(e) seeking return of the firearm equipment to his brother. The district court[1] denied relief. Benson appeals. We affirm.

On appeal, Benson argues that he is entitled to Rule 41(e) relief because the forfeiture order was based upon his § 924(c) conviction and became invalid when that conviction was vacated. We put aside procedural questions such as whether the forfeiture order may be collaterally attacked under Rule 41(e) years after entry of the order and destruction of the firearms, for there is a simple answer to Benson's contention. The forfeiture was entered pursuant to § 3665, which provides that a conviction for "committing or attempting to commit a felony . . . perpetrated in whole or in part by the use of firearms" authorizes the court to "order the confiscation and disposal of firearms and ammunition found in the possession . . . of the defendant at the time of his arrest." The operative language of § 3665 -- the felony must be "perpetrated in whole or in part by the use of firearms" -- is broader than the operative language of § 924(c) -- a firearm must be used or carried "during and in relation to any . . . drug trafficking crime." Accordingly, even if the evidence at Benson's trial would not support a § 924(c) conviction after <u>Bailey</u>, that alone does not establish that the § 3665 forfeiture order was invalid.

Benson has made no factual showing that the trial evidence did not justify forfeiture under § 3665. In affirming Benson's § 924(c) conviction prior to <u>Bailey</u>, we explained that "[t]he presence of the semi-automatic handgun in the garage a short time after the conclusion of the drug sale . . . provides a 'sufficient nexus' between the weapon and drug trafficking." <u>United States v. McPherson</u>, 991 F.2d 802 (table),

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

1993 WL 106882, at p.1 (8th Cir. 1993). In these circumstances, the district court correctly denied Benson's Rule 41(e) motion.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.