IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-50769
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LISTON RANDOLPH POSEY, II,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
_____

June 26, 2000

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

E. GRADY JOLLY:

Liston Randolph Posey was convicted--and is now serving a sentence--for manufacturing in excess of one hundred marijuana plants and for carrying a firearm during and in relation to a drug-trafficking offense pursuant to 18 U.S.C. §§ 841(a)(1) and 924(c)(1). In this appeal, however, he only raises the district court's grant of the government's post-judgment motion to dispose of the evidence seized in connection with the charge resulting in his conviction.

The indictment against Posey did not allege that the firearms at issue were subject to criminal forfeiture. No criminal

forfeiture judgment was entered in the case.  Furthermore, the government has not followed the procedures for criminal forfeiture set forth in Fed. R. Crim. P. 7(c)(2), 31(e), and 32(d)(2).  Nor did the government institute forfeiture proceedings under 26 U.S.C. §§ 7321-28 and 18 U.S.C. § 924(d)(1) within 120 days of seizure of the property.  Because the government failed to follow the plain language of any of these statutory requirements, the government was not entitled to an order disposing of the property pursuant to 18 U.S.C. § 3665.[1]  See, e.g., Cooper v. City of Greenwood, 904 F.2d 302, 304 n.2 (5th Cir. 1990)("Concededly 18 U.S.C. § 3665 . . . provides for forfeiture of firearms used in perpetrating a felony as punishment for the offense.  However, this provision can be invoked only if the indictment alleges the property subject to forfeiture and a judgment of criminal forfeiture is

---

[1]18 U.S.C. § 3665 states:

A judgment of conviction for transporting a stolen motor vehicle in interstate or foreign commerce or for committing or attempting to commit a felony in violation of any law of the United States involving the use of threats, force, or violence or perpetrated in whole or in part by the use of firearms, may, in addition to the penalty provided by law for such offense, order the confiscation and disposal of firearms and ammunition found in the possession or under the immediate control of the defendant at the time of his arrest.  The court may direct the delivery of such firearms or ammunition to the law-enforcement agency which apprehended such person, for its use or for any other disposition in its discretion.

We find nothing persuasive in the government's argument that the discretion vested in the district court under this statute gives a district court the latitude to ignore the above-cited statutory sections.

2

entered.")(citations omitted); <u>United States v. Seifuddin</u>, 820 F.2d 1074, 1075-79 (9th Cir. 1987).

The government argues that our statement in <u>Cooper</u> was dicta. That being the case, it urges us to adopt the view that § 3665 vests the district court with virtually complete discretion to enter a forfeiture order so long as some minimum level of due process is afforded.  We do not accept this invitation.  First, the plain language of § 3665 provides that the district court may order forfeiture in the "judgment of conviction."  Section 3665 does not grant the district court any such authority post-judgment.  Second, although our footnote in <u>Cooper</u> may have been dicta, we think it states a correct view of the law.  Given the plethora of the above-cited statutory rules prescribing procedures that must be followed should the government wish to seek a forfeiture, the government's concept of § 3665, either as vesting discretion in the district court irrespective of these other rules, or as substituting some *ad hoc* notion of due process in their stead, is plainly wrong. Finally, <u>United States v. Benson</u>, 184 F.3d 936 (8th Cir. 1999), does not control here.[2]  In sum, the government's arguments are

---

[2]Indeed, <u>Benson</u> did not even consider the question presented here.  Instead, the question in <u>Benson</u> was whether forfeiture under § 3665 was proper after the individual's conviction under § 924(c) had been found to be improper.  It is apparent that the possible impropriety of the forfeiture on the grounds raised here was not argued in <u>Benson</u>.

3

completely meritless.  We expect the government to comply with the plain language of these rules in the future.

The order of the district court is

R E V E R S E D.

4