# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2012

No. 11-50475
Summary Calendar

Lyle W. Cayce
Clerk

JAMES LLOYD CONARD

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

and

SEIZURE OF $278,478.34,

Defendant.

Appeal from the United States District Court
for the Western District of Texas
U.S.D.C. No. 5:10-cv-00355

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Lloyd Conard filed suit in federal court to set aside the administrative forfeiture of two Chase bank accounts in Conard's name. Pursuant to FED. R. CIV. P. 56, the district court granted summary judgment in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50475

favor of the Government, denying Conard's motion to set aside the administrative forfeiture and for return of the funds.  We AFFIRM.

## I.  FACTS & PROCEDURAL HISTORY

On May 9, 2007, Conard was arrested on a criminal complaint of federal drug violations.  In conjunction with his arrest, officers seized from Conard's residence in San Antonio, Texas, approximately 1500 grams of methamphetamine, 832 grams of marijuana, 23 grams of cocaine, approximately $82,000 in U.S. currency, and approximately 62 different weapons.

After his arrest, Conard was released on bond and ordered to report to an inpatient drug treatment facility.  Conard initially reported to the facility but then absconded from the facility in June 2007.  An indictment was returned against Conard shortly thereafter alleging violations of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and Title 18 U.S.C. § 2, for Conspiracy to Possess with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance and Aiding and Abetting the same; and Title 18 U.S.C. § 924(c), Possession of a Firearm during a Drug Trafficking Crime.  A warrant for Conard's arrest was issued on June 11, 2007.  Conard remained a fugitive for approximately one year.

During the year that Conard was a fugitive, federal agents discovered two Chase bank accounts in Conard's name.  Agents sought, received, and executed a seizure warrant for the balances contained in the bank accounts.  The account at issue in this appeal contained a balance of $278,478.34 (hereinafter referred to as the "subject currency").[1]  Pursuant to the Civil Asset Forfeiture Reform Act, the Drug Enforcement Administration ("DEA") began administrative forfeiture proceedings against the subject currency.

---

[1] Conard's other Chase bank account contained a balance of $192.09 and is not at issue in this appeal.

No. 11-50475

The DEA made four attempts to send notice of the administrative forfeiture proceedings to Conard. The notices included a statement by the DEA of its intent to administratively forfeit the property along with information detailing the procedures and applicable deadlines to claim the seized property. The first and second notices were sent via certified mail to Conard's residence in San Antonio, both of which were returned unclaimed. The DEA then sent notice to Conard's attorney, which was received. The DEA also discovered an alternative address associated with Conard in Converse, Texas, and sent notice via certified mail to that address, which was claimed and signed for as having been delivered. Additionally, the DEA published notice of the administrative forfeiture in the Wall Street Journal on August 6, 13, and 20, of 2007.

When no claims to the seized property were received after the above four notices were issued, the DEA entered a declaration of administrative forfeiture of the subject currency.

Conard was then re-arrested, entered a guilty plea to the criminal charges in the indictment, and was sentenced to a term of sixty-five months' imprisonment. After this disposition of his criminal case, Conard filed suit in May 2010 to set aside the administrative forfeiture of the subject currency and for return of the funds. Conard claimed that the subject currency was comprised entirely of legitimately earned retirements funds from his previous employment with Alamo Concessions.

In September 2010, the Government filed a motion to dismiss and an alternative motion for summary judgment, asserting the propriety of the administrative forfeiture. In January 2011, a magistrate court entered a memorandum and recommendation for summary judgment in favor of the Government. In March 2011, the district judge entered an order adopting the magistrate judge's recommendation and summary judgment was entered in

3

No. 11-50475

favor of the Government, thereby denying Conard's motion to set aside the administrative forfeiture and for return of the funds.  This appeal ensued.

## II. DISCUSSION

A grant of summary judgment in a civil forfeiture proceeding is a question of law subject to de novo review.  *United States v. Robinson*, 434 F.3d 357, 361 (5th Cir. 2005).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The forfeiture proceedings in this case are governed by the Civil Asset Forfeiture Reform Act ("CAFRA").  Under CAFRA, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture[.]" 18 U.S.C. § 983(c)(1).  Further, if the Government's theory of forfeiture is that the property was involved in the commission of a criminal offense, the Government must establish a "substantial connection" between the property and the offense. *Id*. § 983(c)(3).  The claimant then has the burden of proving that he is an innocent owner by a preponderance of the evidence. *Id*. § 983(d)(1).

Pursuant to 19 U.S.C. § 1607, an agency seizing property with a value of $500,000 or less may use administrative forfeiture procedures.  In accordance with the statute, the agency must publish notice of the seizure "for at least three successive weeks in such manner as the Secretary of Treasury may direct." *Id*. § 1607(a)(4). Additionally, "[w]ritten notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article." *Id*.  After notice is given, a party has twenty days in which to file a claim. *Id*. § 1608.

If a claim is filed, the administrative forfeiture proceedings are cancelled and referred to the United States Attorney's Office for initiation of judicial forfeiture proceedings. *Robinson*, 434 F.3d at 362.  If no claim is filed, the seized

4

No. 11-50475

property is deemed summarily forfeited.  19 U.S.C. § 1609(a).  A declaration of forfeiture under the statute shall have the same force and effect as a final decree and order of forfeiture in a judicial forfeiture proceeding in a district court of the United States.  *Id*. § 1609(b).

Once an administrative forfeiture is complete, the district court may review only "whether the forfeiture comported with constitutional due process guarantees."  *Taylor v. United States*, 483 F.3d 385, 388 (2007) (quoting *Robinson*, 434 F.3d at 362).  If a party "with an interest in forfeited funds failed to receive constitutionally adequate notice, the administrative forfeiture is void and must be vacated."  *Robinson*, 434 F.3d at 362.  To withstand scrutiny under the Due Process Clause, the Government's notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Taylor*, 483 F.3d at 388 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).  Actual notice is not required.  *Dusenbery v. United States*, 534 U.S. 161, 170 (2002).  "Although the Government is not required to undertake 'heroic efforts,' it must fulfill *Mullane*'s command that the effort be 'reasonably calculated' to provide notice."  *Taylor*, 483 F.3d at 388 (quoting *Dusenbery*, 534 U.S. at 170).

When CAFRA was enacted in 2000, its statutory provisions became "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute."  18 U.S.C. § 983(e)(5).

Conard does not argue that the notices sent by the DEA were not reasonably calculated to apprise him of the pendency of the forfeiture proceedings.  Conard concedes in his final brief that the Government "followed the necessary steps to send notice in a manner that generally satisfies due process notice requirements."  Conard contends, however, that the district court erred in failing to exercise its equitable jurisdiction to grant Conard's motion to

5

set aside the administrative forfeiture and for the return of the subject currency. Conard further contends that summary judgment was not appropriate in light of his complaint that the Government's actions during the administrative forfeiture amounted to "outrageous governmental conduct." We are not persuaded by either of these arguments.

The evidence in the record indicates that the DEA adhered to CAFRA's statutory requirements and constitutional due process standards during the administrative forfeiture proceedings against Conard. In addition to publishing notice of the proceedings for three consecutive weeks in the Wall Street Journal, the DEA sent two notices by certified mail to the residential address where Conard was living when he was originally arrested on the charges associated with this litigation. The DEA sent a third notice by certified mail to Conard's attorney which was received. The DEA sent a fourth notice by certified mail to a second residential address which was discovered to have been associated with Conard, which was received. Additionally, the fact that Conard was a fugitive for a year, absconding from the jurisdiction of the courts from which he now seeks relief, serves as a plausible explanation as to why Conard did not receive two of the four attempted notices sent to him by the DEA.

Further, because CAFRA provides the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute," the district court was deprived of its equitable remedy jurisdiction after CAFRA's enactment in 2000. *See* 18 U.S.C. § 983(e)(5). Congress may deprive the federal courts of their equitable remedy authority by establishing a comprehensive enforcement scheme with exclusive remedies for a statutory violation. *United States v. Babcock*, 250 U.S. 328, 331 (1919) ("where a statute creates a right and provides a special remedy, that remedy is exclusive"). Consequently, the arguments advanced by Conard with regard to the equitable remedy jurisdiction of the

district court, the majority of which rely on pre-CAFRA jurisprudence, are foreclosed by CAFRA and will not be further considered by this court.

Finally, in light of our conclusion that the DEA adhered to CAFRA's statutory requirements and constitutional due process standards during the administrative forfeiture proceedings against Conard, we find Conard's secondary argument that the Government's conduct was "outrageous" to be without merit. *See United States v. One Boeing 707 Aircraft*, 750 F.2d 1280, 1284 (5th Cir. 1985) (holding that Appellant's argument that the Government's conduct was so outrageous that the forfeiture of weapons was itself a denial of due process was without merit).

### III. CONCLUSION

Accordingly, we AFFIRM the district court's summary judgment in favor of the Government, denying Conard's motion to set aside the administrative forfeiture.