# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2013

No. 12-40923

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

WELLES D. BACON,

Defendant–Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-cr-00456

Before SMITH, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant–Appellant Welles D. Bacon ("Bacon") seeks the return of multiple pieces of property seized during the course of his arrest. The property had already been destroyed by the time Bacon brought his motion. The district court denied Bacon's request on multiple grounds. Bacon timely appealed. For the reasons that follow, we affirm the district court's judgment as to Bacon's computers, but vacate and remand as to the rest of the seized property.

**I**

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40923

On February 6, 2009, during the course of an investigation and prior to Bacon's indictment, authorities seized the following electronics from Bacon's residence: two laptop computers, two external hard drives, six memory sticks, five USB flash drives, one digital recorder, forty-two CDs, and thirteen VHS cassettes. Of the items seized, one hard drive and two or three USB flash drives[1] were found to contain child pornography.

On June 10, 2009, Bacon was charged with five counts of possession of child pornography. On July 15, 2009, Bacon pleaded guilty to one count. On January 15, 2010, the district court sentenced Bacon to 120 months in prison, supervised release for life, and a variety of special conditions. One such condition forbade Bacon from possessing "Internet capable software on any hard drive, disk, floppy disk, compact disk, DVD, diskette, magnetic tape or any other electronic storage media" without advance, written approval from the probation office.

On July 5, 2012, Bacon filed a motion for the return of the seized property that did not contain any pornography[2], relying on 18 U.S.C. § 983, and Federal Rules of Criminal Procedure 32.2 and 41(g). In response, the government submitted a notice to the court stating that within three days of the government's seizure of Bacon's property, a letter informing Bacon of his rights with respect to the property had been sent by certified mail to the last known address for him. The notice to the court further stated that after Bacon did not

---

[1] The indictment does not describe Bacon's USB flash drives in sufficient detail to individually identify them. Whereas Bacon's external hard drive is identified by its serial number—thereby allowing the Court to determine that the hard drive in count one is the same as that in count five—the flash drives are identified merely by make, color, and capacity. It thus cannot be determined whether the generic, white 2 GB flash drive in count two is the same generic, white 2 GB flash drive described in count three. By contrast, the flash drive in count four is a black and white 8 GB flash drive manufactured by Apacer.

[2] Specifically, he requested the return of the following items: two laptop computers ("computers"), five thumb drives, twelve computer discs, one fountain pen recorder, and one external hard drive ( collectively "electronics").

2

respond to the letter, "[t]he personal property items of Welles D. Bacon [were] destroyed" and thus are no longer in the government's possession. Attached to the notice, the government included a copy of the letter sent to Bacon. The letter states that U.S. Customs and Border Protection ("CBP") had seized two laptops from Bacon that contained child pornography in violation of 19 U.S.C. § 1305 and 18 U.S.C. §§ 2252 and 2254. The letter only referred to Bacon's two laptops; it did not mention any other electronics. Bacon's options were listed in the letter: he could take no action and allow forfeiture proceedings to commence, or he could consent to forfeiture.

The letter also included a pre-printed form explaining Bacon's options in more detail. According to the form, if Bacon took no action, then CBP would seek administrative forfeiture pursuant to 19 U.S.C. § 1607. The government also submitted to the district court documents indicating that Bacon's sixty-nine media items and computers had been destroyed in August 2011 and September 2011, respectively. The district court denied Bacon's motion on August 10, 2012, chiding Bacon for his "brazen request" for the return of the instrumentalities of his crime and holding that the notice requirements of 18 U.S.C. § 983(e) had been met. Bacon then timely appealed.

## II

The district court treated Bacon's claim as a motion for the return of property. As explained more fully below, *see infra* Part III(A), we instead regard Bacon's claim as a civil action seeking damages for the replacement cost of the destroyed items. In such a situation, we treat the district court's denial of Bacon's motion as a grant of summary judgment in favor of the government. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). Therefore, we review the district court's ruling de novo, applying the same standard as the district court. *Greater Hous. Small Taxicab Co. Owners Ass'n v. City of Hous.*, 660 F.3d 235, 238 (5th Cir. 2011). Summary judgment is warranted when the

movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III

### A

Bacon and the district court each relied on 18 U.S.C. § 983, which sets general rules for civil forfeiture proceedings. However, § 983 is inapplicable to Bacon's claim because clear statutory language excludes the forfeiture at issue from § 983's provisions. Section 983(i)(2)(A) specifically states that the rules in § 983 do not apply to "the Tariff Act of 1930 or any other provision of law codified in title 19." 18 U.S.C. § 983(i)(2)(A). The forfeiture notice CBP mailed to Bacon states that CBP "will seek to forfeit [Bacon's] property by administrative action in accordan e with section 607, Tariff Act of 1930, as amended (19 U.S.C. [§] 1607)." The government thus sought to seize Bacon's property pursuant to Title 19, rendering § 983 inapplicable to Bacon's claim. *See id.* In addition to comporting with the plain language of the statute, this conclusion finds support from the Second Circuit. *See United States v. Davis*, 648 F.3d 84, 94 (2d Cir. 2011) (holding that the "language [of § 983(i)(2)(A)] could not be more clear [that] the Tariff Act of 1930 and the statutory provisions contained in Title 19 . . . are not 'civil forfeiture statutes'").[3] We hold that § 983 does not control Bacon's claims.

---

[3] We note that a panel of this Court, in an unpublished opinion, applied § 983(e) to a plaintiff's request to return property forfeited in an administrative forfeiture under Title 19. *Conard v. United States*, 470 F. App'x 336, 339 (5th Cir. 2012) (per curiam) (unpublished). The court, though, did not address whether the provisions in Title 19 fell within § 983(i)'s definition of "civil forfeiture statute." *Id.* In addition, the opinion is not precedent and seems to contradict the plain language of the statute.

No. 12-40923

The government relies primarily on Rule 41(g) of the Federal Rules of Criminal Procedure. Rule 41(g) provides that an individual alleging deprivation of property may move for the property's return. Fed. R. Crim. P. 41(g).[4] However, Rule 41(g) is not applicable here because criminal proceedings had already concluded by the time Bacon sought return of his property and because there is no remedy available under Rule 41(g) given the facts of this case. When criminal proceedings have concluded, courts treat a motion for the return of property as a civil suit invoking the courts' general equity jurisdiction under 28 U.S.C. § 1331. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007); *United States v. Robinson* (*Robinson II*), 434 F.3d 357, 361 (5th Cir. 2005); *Clymore*, 217 F.3d at 373; *Peña v. United States*, 122 F.3d 3, 4 & n.3 (5th Cir. 1997). Moreover, Bacon has no remedy available under Rule 41(g) because the government has already destroyed all of his property. "[T]he government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)." *Bailey*, 508 F.3d at 740.

However, the inapplicability of § 983 and the lack of a remedy under Rule 41(g) do not end our analysis. Bacon's claim—that the government wrongfully deprived him of his property and destroyed it—alleges facts that could support a *Bivens* claim, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), had Bacon been afforded the opportunity to amend his claim. *See Peña v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).

In *Peña*, the court reasoned that the plaintiff's motion alleging deprivation of personal property, coupled with the Government's assertion that the property had been destroyed, presented the facts necessary to support a *Bivens* action. *Id.* Because the plaintiff had not had an opportunity to amend his pleadings under Federal Rule of Civil Procedure 15(a) and because the *Bivens* action would

---

[4] Federal Rules of Criminal Procedure 41(g) was formerly codified as Rule 41(e).

No. 12-40923

otherwise be time barred, this Court remanded the case to give the plaintiff an opportunity to assert a *Bivens* action in an amended pleading. *Id.* Like Peña, Bacon, a pro se litigant, did not have the opportunity to amend his pleading under Rule 15(a). In such a situation, "it is appropriate to treat a *pro se* petition as one seeking the appropriate remedy." *Clymore*, 217 F.3d at 373. Therefore, we treat Bacon's claim as one seeking damages under a *Bivens* claim for the alleged due process violation with regard to his destroyed property.

## B

If, as here, the government seizes property valued at less than $500,000 and seeks to use administrative forfeiture procedures, it must provide notice. 19 U.S.C. § 1607(a); *Robinson II*, 434 F.3d at 362. The government must publish notice "for at least three successive weeks in such manner as the Secretary of the Treasury may direct" and must send "[w]ritten notice of seizure together with information on the applicable procedures" to each party that appears to have an interest in the seized property. 19 U.S.C. § 1607(a). If no party files a claim, the property is summarily forfeited to the Government. *Barrera–Montenegro v. United States*, 74 F.3d 657, 660 (5th Cir. 1996); *see* 19 U.S.C. § 1609.

Once an administrative forfeiture is complete, a district court may consider only "whether the forfeiture comported with constitutional due process guarantees." *Robinson II*, 434 F.3d at 362 (citation and internal quotation marks omitted). Due process requires that the notice be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture] action and afford them an opportunity to present their objections.'" *Barrera–Montenegro*, 74 F.3d at 660 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Where forfeiture occurs without adequate notice, it is void and must be vacated. *Id.* at 661. Actual notice is not required. *Bailey*, 508 F.3d at 738–39. Because there is at least some evidence that the government properly instituted forfeiture proceedings regarding the computers,

No. 12-40923

but no evidence that forfeiture proceedings were initiated with regard to the other electronics, we proceed by addressing each separately.

**Computers**

The government presented evidence that it sent, by certified mail, notice to Bacon informing him that his computers had been seized as containing child pornography and that if he took no action, forfeiture proceedings would commence. Bacon argues that the government failed to present evidence that it had complied with § 1607's requirement that notice be posted at the U.S. Customs Office in Houston. 19 C.F.R. § 162.45. This failure is not fatal to the government's case because once forfeiture is complete in an administrative forfeiture, the court only considers whether constitutional due process was satisfied.[5] *See Robinson II*, 434 F.3d at 362. The government sent a letter to Bacon via certified mail, and there is no evidence that the letter was returned or otherwise undelivered. In fact, Bacon does not argue that the government mailed the letter to the wrong address or that he did not receive it. In order for the notice to be reasonably calculated to apprise Bacon of the forfeiture, it was sufficient that the notice was mailed to the address where Bacon lived. *See Bailey*, 508 F.3d at 738–39. Accordingly, constitutional due process was satisfied as to the computers.

**Media and Electronics**

The digital equipment is a different matter. The certified letter and its attachment sent to Bacon do not mention the other media and electronics. The government provides no evidence that even the low bar of constitutional due process was satisfied as to those items. Thus, the evidence does not support the

---

[5] We note that nothing in this opinion limits or otherwise addresses the review available to forfeitures other than those viewed through the lens of § 1331. Here, the Court construes the pro se petitioner's claim as an unrequested equitable constitutional remedy, so we review only for constitutionally sufficient due process, not for strict compliance with statutory requirements.

No. 12-40923

district court's finding that the government complied with notice as to these items. Summary judgment as to the non-computer items was inappropriate.

## C

The government also argues, in the alternative, that Bacon's claim fails because the property he sought the return of either constitutes contraband or violates the district court's prohibition on the possession of "internet capable software on any hard drive, disk, floppy disk, compact disk, DVD, diskette, magnetic tape or any other electronic storage media." As explained below, neither argument precludes Bacon's claim for relief.

## 1

While the general rule is that seized property should be returned to its rightful owner once criminal proceedings have terminated, the same is not true of contraband. *Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir. 1990). There are two types of contraband: contraband per se and derivative contraband. *Id.* Contraband per se are objects that are intrinsically illegal, the mere possession of which constitutes a crime.[6] *Id.* One cannot have a property right in that which cannot be legally possessed. *Id.* at 305. Derivative contraband, by contrast, are objects that are not inherently unlawful, but which may become unlawful because of the use to which they are put.[7] *Id.* The forfeiture of derivative contraband is subject to statutory authorization and judicial scrutiny. *Id.*

While Bacon's computers and media do not constitute contraband per se, any such device that was used to procure or view child pornography would constitute derivative contraband. However, for purposes of the claims at issue, neither the government's brief nor the district court's opinion attempts to

---

[6] Cocaine is an example of contraband per se.

[7] An automobile used in a bank robbery is an example of derivative contraband.

delineate between the property that constitutes derivative contraband and that which does not.  A review of the record suggests that not every item seized during the course of this investigation was connected to Bacon's illegal activity, and the government has made no effort to demonstrate which of the items destroyed were connected to the activity which led to Bacon's conviction.  *See, e.g.*, *United States v. Uribe–Londono*, 238 F. App'x 628, 630 (1st Cir. 2007) (per curiam) (unpublished) (rejecting the government's claim that the items seized in a child pornography investigation were derivative contraband when the government failed to substantiate its contraband claim).  The property items which were not connected with Bacon's crime do not constitute contraband.  Because the government has failed to identify which items of media and electronics constituted derivative contraband,[8] summary judgment on this basis was not appropriate.

**2**

At sentencing, the district court forbade Bacon from possessing "Internet capable software on any hard drive, disk, floppy disk, compact disk, DVD, diskette, magnetic tape or any other electronic storage media."  In considering Bacon's claims, the district court rejected Bacon's "brazen" request on the basis that the items seized ran afoul of this special condition without elaborating.  The government advances the same line of reasoning on appeal.  However, a straightforward reading shows that Bacon's request does not necessarily violate the special condition.  The government did not present evidence that the items Bacon sought were subject to the special condition.

---

[8] To be sure, the PSR and Bacon's admissions at rearraignment make clear that some of the items seized from Bacon's home contained child pornography.  However, the government seized and destroyed some sixty-plus items, and it is not clear that any of the nineteen non-computer items Bacon sought returned contained child pornography.

No. 12-40923

The special condition imposed on Bacon at sentencing did not forbid the possession of *all* electronic media, rather, the condition restricts Bacon's ability to possess "internet capable software" that is stored *on* electronic media.[9] Bacon may possess electronic media that does not contain internet capable software. Neither the district court nor the government even suggested, let alone demonstrated, that each of the devices and media sought by Bacon contained "internet capable software," a circumstance that is highly unlikely. For example, it seems almost impossible that Bacon's *unopened* pen voice recorder contained internet capable software, and regardless, no findings were made to that effect. The district court's cursory analysis thus produced an overly broad result. Without any evidence demonstrating that each item administratively forfeited ran afoul of the special condition, the district court's conclusion was overbroad. Summary judgment was therefore not warranted on this basis.

## IV

For the foregoing reasons, we AFFIRM the district court's order as to the two laptop computers, and VACATE the district court's order denying Bacon's motion as to the other destroyed media and electronic items and REMAND for further proceedings consistent with this opinion. It is further ordered that Bacon's motion to strike the government's response brief is DENIED.

---

[9] Regardless, Bacon represents that he wishes to have the items, which he says contain information about his employment and military history, transferred to his family and does not seek to possess them personally.