United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-30429
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WRIGHT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana

--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:

Michael Wright, federal prisoner # 24493-034, appeals the district court's dismissal as time-barred of his FED. R. CRIM. P. 41(e) (2002) motion challenging the forfeiture of $16,423. The money was seized when Wright was arrested in February 1995 in the New Orleans International Airport and was declared forfeited on August 9, 1995, following Wright's conviction on drug charges in May 1995 in Alabama. In August 1995, Wright was sentenced to 360 months of imprisonment.

In 1997, Wright forwarded letters to Drug Enforcement Agency offices in New Orleans and Virginia and a letter to the bank in

New Orleans in which the $16,423 was deposited.  In August 1997, he received a letter from the senior vice president of the bank explaining that the money had been deposited in February 1995, that a check had been issued in exchange for the money, and that the check had been deposited in the Federal Reserve Bank and had cleared that same month.  The bank vice president instructed Wright to contact a DEA agent in Metairie, Louisiana, for more information.  The DEA office in Virginia wrote to Wright in September 1997, stated that it could not locate Wright's file without a seizure number, and instructed Wright to contact the DEA office in Metairie for such information.

In April 2002, Wright filed his Rule 41(e) motion challenging the forfeiture on the grounds that he received insufficient notice.[1]  The Government opposed the motion, arguing that it was barred by the statute of limitations and by the doctrine of laches.  The district court concluded that Wright had six years from the date of the forfeiture on August 9, 1995, to file his Rule 41(e) motion, that the motion filed in April 2002 was untimely, and that the limitations period was not equitably tolled given the four year and ten month delay between the time he was told how to obtain additional information about the forfeiture and the time he filed his motion.  Wright argues that

---

[1] Wright filed his motion in the Southern District of Alabama, which transferred the case to the Eastern District of Louisiana under Rule 41(e)'s language that such a motion should be brought "in the district court for the district in which the property was seized."

the limitations did not begin to run until he became aware of the forfeiture or would have become aware of the forfeiture through the exercise of due diligence, which he contends occurred in 1997.

The district court correctly determined that the six-year statute of limitations in 28 U.S.C. § 2401(a) applies. See Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000); see also United States v. Rodriquez-Aquirre, 264 F.3d 1195, 1209-10 (10th Cir. 2001), and cases cited therein. Under 28 U.S.C. § 2401(a), "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." We have not yet determined when a Rule 41(e) right of action accrues. See Clymore, 217 F.3d at 373-74.

We agree with and now adopt the reasoning of the Tenth and Fourth Circuits with respect to this issue. "The accrual date is the date on which [the claimant] was on reasonable inquiry notice about the forfeiture, i.e., the earlier of the following: when he has become aware that the government had declared the property forfeited, or when an inquiry that he could reasonably have been expected to make would have made him aware of the forfeiture." United States v. Rodriquez-Aquirre, 264 F.3d 1195, 1211 (10th Cir. 2001); United States v. Minor, 228 F.3d 352, 359 (4th Cir. 2000); see also United States v. Duke, 229 F.3d 627, 630 (7th Cir. 2000) (accrual date is when the claimant discovered or by

exercise of due diligence would have discovered the forfeiture); Polanco v. DEA, 158 F.3d 647, 654 (2d Cir. 1998) (accrual date is when the claimant discovered or had reason to discover that his property had been declared forfeited without sufficient notice).

Although the conclusion of the forfeiture proceedings, as the date of the alleged violation giving rise to the Rule 41(e) action, is the earliest possible accrual date triggering the limitations period, see Rodriquez-Aguirre, 264 F.3d at 1210, the district court did not determine when Wright had reasonable inquiry notice of the forfeiture, i.e., "when he has become aware that the government had declared the property forfeited, or when an inquiry that he could reasonably have been expected to make would have made him aware of the forfeiture." Id. at 1211. We cannot discern from the current record whether Wright should have made inquiries before his letters in 1997 or whether such inquiries would have made him aware of the forfeiture. The district court's judgment is VACATED and the case is REMANDED for such a determination.

If the district court determines that Wright's Rule 41(e) motion was filed within the six year limitations period, the court should then determine whether the motion may nonetheless be barred under the doctrine of laches. See Clymore, 217 F.3d at 376-77; Geyen v. Marsh, 775 F.2d 1303, 1310 (5th Cir. 1985). If Wright's Rule 41(e) motion is not barred by either the statute of

limitations or under the doctrine of laches, the district court should proceed with the merits of the motion.

VACATED AND REMANDED.