United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10878
Summary Calendar
_____

ANDRES MARES REYNA JR.

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
No. 4:04-CV-598-Y
_____

Before: HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Andres Mares Reyna, Jr. filed a civil complaint against the Government seeking the return of property seized in connection with his federal conviction for possession with intent to distribute cocaine. He appeals the district court's grant of summary judgment against him. Reviewing *de novo*, we affirm.

First, Reyna claims that three vehicles were improperly seized and forfeited. The district court correctly concluded it lacks jurisdiction to hear disputes over the vehicles. The *res* has never

---

[*] Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

been in federal custody and has not been subject to federal forfeiture. Instead, the vehicles are *in custodia legis* of the Tarrant County state district court of Texas. That court has exclusive jurisdiction over the *res*. *See Scarabin v. D.E.A.*, 966 F.2d 989, 994-95 (5th Cir. 1992).

Second, Reyna claims that he received inadequate notice that two sums of currency, $136,238.00 and $22,733.20, were to be forfeited in connection with his criminal case. The district court correctly rejected this claim. The Government mailed written notices to Reyna's address, to his attorney, and to his parents. The Government also published notice in the *Wall Street Journal*. All of these notices advised of the right to file a claim or petition for remission. Reyna's contention that he received insufficient notice is belied by the fact that he filed for remission (through his attorney) after the Government mailed notice. Under the circumstances of this case, the Government's notice was "reasonably calculated . . . to provide notice to the claimant." *United States v. Robinson*, 434 F.3d 357, 367 (5th Cir. 2005). It satisfied both constitutional and statutory procedural requirements. *See id.*

Third, Reyna brings substantive challenges to the forfeiture of the currency. He argues that he earned the money through legitimate means and that the Government seized it pursuant to invalid search warrants. The district court correctly rejected these claims for want of jurisdiction given that Reyna failed to

file a legal claim with the forfeiting agency. *See United States v. Schinnell*, 80 F.3d 1064, 1069 n.7 (5th Cir. 1996). If Reyna had done so, he would have triggered a judicial proceeding through which he could have asserted defenses to forfeiture. Instead, Reyna sought remission. "[T]his court may not review the merits of [Reyna's] claim because such remissions are acts of grace by the agency." *Scarabin*, 919 F.2d at 338. "Having failed to avail [himself] of the procedures for requiring the government to institute judicial forfeiture proceedings in the first instance, remand is not available to reopen the inquiry into whether there was an adequate basis for this proceeds forfeiture." *Schinnell*, 80 F.3d at 1069 n.7.

AFFIRMED.