REVISED November 26, 2007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2007

Charles R. Fulbruge III
Clerk

No. 07-40309
Summary Calendar

MITCHELL HAYWARD BAILEY

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Mitchell Bailey appeals the district court's dismissal of his motion seeking the return of property seized from him at his arrest and grant of the government's motion to dismiss. For the following reasons, we AFFIRM in part, REVERSE in part, and REMAND.

I.

Bailey was arrested on January 29, 2000 at a Border Patrol checkpoint in Falfurrias, Texas when agents discovered marijuana concealed inside the trailer load of cabbage he was towing. Law enforcement officers seized cash and other

personal property from Bailey at the time of his arrest. Bailey contends that the DEA seized $11,054. The government contends that the only currency it seized was $7,760, which it administratively forfeited, and $872, which it returned to Bailey's representative. The same day, Bailey received and signed a notice that the DEA possessed property that had been in his possession at the time of the arrest and that it would be considered abandoned and would be disposed of unless recovered within thirty days. On March 2, 2000 the DEA mailed notice of its intent to forfeit $7,760 in currency. Notice was sent to Bailey at the county jail at which he was being held and to the mailing address he had given at his arrest. The DEA forfeiture status report indicates that notice was received at the jail on March 10, 2000 and to the mailing address on March 11, 2000. Bailey did not file a claim contesting the administrative forfeiture of the currency. The DEA declared the seized currency in the amount of $7,760 to be administratively forfeited as of May 5, 2000.

Nearly six years later, Bailey filed a pro se document requesting return of property seized from him at the time of his arrest. The document was postmarked April 6, 2006 but was dated March 10, 2006, and Bailey's sworn affidavit states that he placed it in the prison mail system on March 10. The district court construed Bailey's filing as a Rule 41(g) motion for return of property. FED. R. CRIM. P. 41(g). Because Bailey's criminal case had concluded, the court properly construed it as a civil complaint under the court's general equity jurisdiction under 28 U.S.C. § 1331. See United States v. Taylor, 483 F.3d 385, 387 (5th Cir. 2007). The government filed a motion to dismiss, which the magistrate judge construed as a motion for summary judgment because it referred to matters and documents outside the pleadings.

The magistrate judge found that the government earlier, in the administrative forfeiture proceeding, had sent sufficient notice of the forfeiture to comport with constitutional due process guarantees. The magistrate judge

further found that Bailey's motion regarding his personal property was untimely. The district court adopted the magistrate judge's findings and conclusions and dismissed Bailey's motion for return of property. Bailey subsequently filed this appeal.

II.

We review a grant of summary judgment de novo. United States v. Robinson, 434 F.3d 357, 361 (5th Cir. 2005). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

III.

Bailey contends on appeal that the DEA did not provide him with notice of the forfeiture of his currency within 60 days of the seizure as required by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(a). The government contends that CAFRA is not applicable to this case because its requirements apply only to forfeitures commenced on or after August 23, 2000. We need not decide whether CAFRA applies retroactively to the instant case because Bailey's claim would be time-barred under CAFRA's five-year statute of limitations. 18 U.S.C. § 983(e)(3). Section 983(e)(3) requires that any motion to set aside a forfeiture must be filed within five years of final publication of notice of seizure of the property. The government first published notice of the seizure in the Wall Street Journal in March 2000, with a claim date of April 2, 2000. The final publication date was therefore no later than April 2, 2000, and more than five years elapsed before Bailey filed his claim, at the earliest, on March 10, 2006.

On the other hand, if CAFRA does not apply, and we assume that Bailey's claim was filed within the six-year statute of limitations applicable to motions

for the return of property, Bailey's claim still fails because he was not deprived of due process. "Once an administrative forfeiture is complete, a district court may review only whether the forfeiture comported with constitutional due process guarantees." Robinson, 434 F.3d 357 at 362 (quotation omitted). Due process requires that a party with an interest in forfeited funds be sent notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture] action and afford them an opportunity to present their objections." Id. Actual notice is not required. Dusenbery v. United States, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed. 2d 597 (2002). In the instant case the government presented evidence that notice of the administrative forfeiture of $7,760 was sent to the jail where Bailey was housed and to the address he gave at his arrest and that it was received at both locations. Bailey offers no evidence that such notice was not sent other than his bare claim that he did not receive it until December of 2001. Under all the circumstances, the government's written notice was reasonably calculated to provide Bailey with notice and there was no due process violation arising out of the forfeiture.

IV.

Bailey contends that $11,054 was seized from him at his arrest, $3,294 more than the $7,760 the government forfeited. The magistrate judge ordered the government to clarify how much money was actually seized. After considering an affidavit from DEA agent Kennemer who worked on Bailey's case and the record from Bailey's criminal case, the magistrate judge concluded that "the evidence did not give a definitive answer to the question of how much money plaintiff had in his possession at the time he was arrested. However, in regard to the forfeiture question, the only aspect of the forfeiture that plaintiff can challenge in this proceeding is whether he received due process in the issuance of notice of the forfeiture. Any claim he might have for conversion or

other wrongful taking of currency other than that which was forfeited would have to be brought in another lawsuit[.]"

The magistrate judge correctly found that Bailey may only challenge a completed forfeiture for violations of due process. However, Bailey's original motion for the return of property embraces property that the government seized but did not forfeit, but only if the property remains in the government defendant's possession. A finding of whether the government actually possesses the additional currency Bailey seeks is therefore a necessary predicate to the resolution of his motion. See Mora v. United States, 955 F.2d 156, 159 (2d Cir. 1992) (finding that when the government denies possession of a claimant's property, a finding of whether the government actually retains it and, if not, what happened to it, is a necessary predicate to deciding a motion for the return of property). The magistrate judge found conflicting evidence as to whether the government actually seized $11,054, and did not resolve the conflict. If this disputed issue is resolved in Bailey's favor, there is no evidence on the record showing that the government does not currently possess the additional currency, and the district court must proceed to the merits of Bailey's motion. Because, according to the magistrate judge's own recommendation, a genuine issue of material fact is in dispute, i.e. whether the government has, or ever had, the claimed monies in its possession, we hold that the district court erred in granting summary judgment as to currency Bailey alleges the government seized but did not forfeit.

If the district court finds on remand that the government did in fact seize the additional currency, the government bears the burden of showing what happened to it. See United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (finding that the person from whom property is seized is presumed to have a right to its return and that the government must submit some evidence that seized property was destroyed to support its motion to dismiss a Rule 41(e)

proceeding) (citing United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999)). If the district court finds that the government no longer possesses the currency Bailey seeks, his motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g). See Peña v. United States, 157 F.3d 984, 986 (5th Cir. 1998) (finding that sovereign immunity bars a suit for monetary damages under Rule 41(e)). The district court should, however, consider allowing Bailey the opportunity to amend his pleadings to assert any claim he may have under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed 2d 619 (1971), or other applicable law. See Peña, 157 F.3d at 986.

## V.

To the extent Bailey seeks the return of additional personal property seized from him at his arrest, his claim is untimely. The six-year statute of limitations in 28 U.S.C. § 2401(a) applies to civil actions for the return of property. See United States v. Wright, 361 F.3d 288, 290 (5th Cir. 2004) (applying § 2401(a) to a Rule 41(g) motion for return of property). Under federal law, a cause of action accrues when the plaintiff is "in possession of the critical facts that he has been hurt and who has inflicted the injury." Gatrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993) (citations omitted). Other courts have held that, in cases of seized property where no forfeiture proceedings were conducted, a claim accrues at the end of the "limitations period during which the government is permitted to bring a forfeiture action, at which time the claimant–without other notice–had reason to know that the forfeiture proceedings had begun (or that the property was being held) without due process." Polanco v. United States Drug Enforcement Admin., 158 F.3d 647, 654 (2d Cir. 1998) (citation omitted).

No administrative or judicial forfeiture occurred with respect to Bailey's additional personal property. However, after his arrest, the government made the property available for Bailey or his representative to collect. Bailey received formal notice of the government's possession of his property on January 29, 2000, the date of his arrest, in a letter from the DEA, which he signed. The letter stated that his property would be considered abandoned and disposed of if not claimed within 30 days. Bailey was therefore on notice that he had the right to have his property returned and that it was subject to disposal on February 28, 2000 if not claimed. February 28, 2000 was therefore the latest date any claim for return of his personal property could accrue. See United States v. Sims, 376 F.3d 705, 708 (7th Cir. 2004) (stating that, once criminal or forfeiture proceedings have concluded or statutes of limitations have expired, "the claimant knows that he has a present right to [his property]'s return, and he shouldn't be permitted to postpone his request for its return indefinitely."). At that time, Bailey could have challenged the disposition of his personal property. Even if his claim was filed March 10, 2006, as he avers, more than six years had elapsed since he had reasonable notice of the government's permanent disposition of his property.[1] His claim for the return of his personal property is therefore untimely.

## VI.

For the foregoing reasons, the judgment of the district court dismissing Bailey's motion and granting the government's motion to dismiss is AFFIRMED in part and REVERSED in part, and the case is REMANDED for proceedings consistent with this opinion.

---

[1] Although Bailey contends that he never gave permission, the government presented evidence that Bailey instructed his son-in-law Greg Taylor to collect his personal property and that the property was in fact surrendered to Taylor on February 2, 2000.