**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-50109
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KEVIN RAY LANDRY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-169-ALL

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin Ray Landry appeals his sentence of 300-months imprisonment and 10 years of supervised release, contending the district court unreasonably failed to impose a below-guidelines sentence.

Landry was convicted by a jury of possession with intent to distribute cocaine base, possession of a firearm by a felon, possession with intent to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribute 50 grams or more of cocaine base, and possession of a firearm in furtherance of a drug-trafficking crime. Landry's total offense level of 30 was based on the amount of cocaine base related to his offenses. Landry was assigned 11 criminal history points, which equated to a criminal history category of V. This resulted in a guidelines range of 151 to 188 months of imprisonment. The mandatory minimum sentence imposed by statute was 240 months, which became the guideline sentence with respect to Landry's convictions for possession with intent to distribute cocaine base and firearm possession by a felon. Landry's mandatory five-year sentence for possession of a firearm in furtherance of a drug-trafficking crime was required by statute to run consecutively to his sentences on the other three counts.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness, under an abuse-of-discretion standard, the district court must still properly calculate the guideline sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

On appeal, Landry does not contend the district court committed any procedural error. Nor does he contend the district court neglected to make an individualized assessment of the facts of his case. Instead, he asserts the district court simply abused its discretion in weighing those facts. (Landry has arguably waived this claim as well, due to insufficient briefing. His brief contains two paragraphs of argument, with no citation to authority. Most of those two paragraphs simply consists of extended quotations from the sentencing transcript.)

Landry's claimed error amounts to a mere disagreement with the weight afforded by the district court to the facts of his case. This court affords a

presumption of reasonableness to a sentence within a properly calculated guidelines range. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). This disagreement is insufficient to rebut the presumption of the sentence's reasonableness. Landry has not established that the district court abused its discretion in imposing his sentence.

AFFIRMED.