CLD-303                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3235
_____

UNITED STATES OF AMERICA

v.

CHARLES AARON BROOKS,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-95-cr-00564-001)
District Judge:  Honorable Harvey Bartle III
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6
September 29, 2011
Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed:  October 14, 2011)
_____

OPINION
_____

PER CURIAM

Charles Brooks is a federal prisoner, convicted in 1996 for his part in a series of

armed bank robberies.  In April 2011, Brooks filed a Fed. R. Crim. P. 41(g) motion for

the return of property that, he argues, was unlawfully seized in 1995 by government

agents—specifically, the "Ten Squad" unit—prior to his indictment on the present charges. His motion, while difficult to parse, appears to claim that the Ten Squad entered three properties at which he resided and took currency, jewelry, clothing, and other items, which they used to compel parties in his case to testify against one another. Brooks avers that proper records were not kept of this activity, and that he only discovered that his property had been taken in April 2011, shortly before he filed his Rule 41(g) motion. Directed to respond by the District Court, the Government argued that Brooks's motion was untimely. The Court agreed, denying relief and rejecting Brooks's ensuing request for reconsideration. Brooks filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Gov't of V.I. v. Edwards, 903 F.2d 267, 272 (3d Cir. 1990). While "[i]n most Rule 41(g) cases demanding return of . . . property[] 'we review the District Court's decision to exercise its equitable jurisdiction for abuse of discretion,'" United States v. Bennett, 423 F.3d 271, 274 (3d Cir. 2005) (quoting United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999)), the applicability of a statute of limitations is a legal question that we review de novo. Syed v. Hercules, Inc., 214 F.3d 155, 159 n. 2 (3d Cir. 2000); see also Somoza v. N.Y.C. Dep't of Educ., 538 F.3d 106, 112 (2d Cir. 2008). Having examined the record, we are in full accord with the District Court and will summarily affirm its orders. Murray v. Bledsoe, No. 10-4397, ___ F.3d ___, 2011 WL 2279428, at *1 (3d Cir. June 10, 2011); see also Third Cir. L.A.R. 27.4; I.O.P. 10.6. Even under the District Court's generous reading of the six-year limitations period, see Bertin v. United States, 478 F.3d 489, 492 (2d Cir. 2007), Brooks's motion is untimely. His argument that he only discovered the seizure in

2

2011 is unavailing; given the amount of property taken and the intervening passage of time, he "cannot argue with a straight face that it took him more than six years to find out that his property had been" seized. United States v. Duke, 229 F.3d 627, 630 (7th Cir. 2000); see also United States v. Wright, 361 F.3d 288, 290 (5th Cir. 2004) (discussing awareness of Government action in the context of forfeiture). Brooks repeatedly refers to an "Attachment A" to support his claim of recent discovery, but no such attachment appears to accompany any of his submissions. Because the District Court correctly deemed the motion to be untimely, it did not abuse its discretion by refusing to reconsider its ruling. United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010).

Finally, if Brooks wishes to attack his conviction or sentence—and he appears to challenge evidence allegedly withheld by the prosecution in his case—he must proceed via 28 U.S.C. § 2255. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). To the extent that it requests independent relief, Brooks's "Motion to Clearify [*sic*]" is denied.