# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2013

No. 12-51183
Summary Calendar

Lyle W. Cayce
Clerk

MOHAMMAD SADEGH KATOUZI,

Petitioner-Appellant,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

Respondent-Appellee,

Appeal from the United States District Court
for the Western District of Texas, El Paso Division
USDC No. 3:12-CV-273

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Mohammad Sadegh Katouzi ("Katouzi"), appeals the district court's dismissal of his complaint as frivolous and for failure to state a claim. We DISMISS the appeal.

In January of 2004, Katouzi was convicted of assaulting, resisting, or impeding certain officers or employees in violation of 18 U.S.C. §§ 111, 1114.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-51183

In March of 2004, he was sentenced to 14 months of imprisonment. *United States v. Katouzi*, 7:03-CR-127 (W.D. Tex. Mar. 11, 2004). He was released from prison in October 2004. On July 11, 2012, Katouzi, proceeding pro se and in forma pauperis, filed a complaint in district court seeking the return of $1263 from the El Paso ICE Processing Center. Rule 41(g) of the Federal Rules of Criminal Procedure provides that a "person aggrieved by . . . the deprivation of property may move for the property's return." However, once the criminal proceedings have concluded, we treat the proceedings as a civil action for return of property under 28 U.S.C. § 1331. *Clymore v. United States,* 217 F.3d 370, 373 (5th Cir. 2000). There is a 6-year statute of limitations that "applies to civil actions for the return of property." *Bailey v. United States,* 508 F.3d 736, 740 (5th Cir. 2007); 28 U.S.C. § 2401(a).

In the court below, the magistrate judge held that the instant cause of action accrued on March 11, 2004, the date Katouzi was sentenced and judgment was entered. *See Bertin v. United States*, 478 F.3d 489, 493 (2d Cir. 2007) (holding that where "there has been a related criminal proceeding but no civil forfeiture proceeding, the cause of action accrues at the end of the criminal proceeding during which the claimant could have sought the return of his property"). Because Katouzi did not seek return of his property until July of 2012, the magistrate judge opined that the complaint was barred by the 6-year statute of limitations and therefore recommended that the complaint be dismissed for failure to state a claim and as frivolous on its face. The district court adopted the magistrate judge's report and recommendation, and dismissed the complaint.

Katouzi has filed a notice of appeal and a brief. The brief provides no facts or citation to the record or any argument that challenges the district court's analysis and reasoning for the dismissal of the complaint. FED. R. APP.

No. 12-51183

P. 28. Because this cause of action accrued in 2004 and Katouzi did not bring suit until 2012, the 6-year statute of limitations bars this claim. The district court properly dismissed the complaint as frivolous. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (explaining that "where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" as frivolous); 28 U.S.C. § 1915(e)(2)(B)(i).

APPEAL DISMISSED.