# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2015

Lyle W. Cayce
Clerk

No. 14-50782
Summary Calendar

KEVIN RAY LANDRY

Plaintiff–Appellant

v.

UNITED STATES OF AMERICA

Defendant–Appellee

Appeals from the United States District Court
for the Western District of Texas
U.S.D.C. No. A-13-CV-864

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Kevin Ray Landry filed a pro se motion for return of seized property in the United States District Court for the Western District of Texas. Adopting the magistrate judge's report and recommendations, the district court denied Ray's motion and granted the United States' motion for summary judgment. We affirm.[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Also before the court is Landry's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). That motion is DENIED.

No. 14-50782

## I. BACKGROUND

In 2008, a jury found Landry guilty of four different drug and firearms offenses, and he was sentenced to 300 months' imprisonment. We affirmed Landry's conviction and sentence on June 22, 2009. *United States v. Landry*, 327 F. App'x 509, 509–10 (5th Cir. 2009) (per curiam) (unpublished).

Landry seeks return of three categories of seized or forfeited property: $44,846.35[2] of property seized between 1994 and 2002, based on figures from his Presentence Investigation Report (PSR); $2,635 seized by the Austin Police Department (APD) in 2005;[3] and $9,470 administratively forfeited to the Drug Enforcement Administration (DEA) on December 18, 2006. Landry filed a pro se motion for return of seized property pursuant to Federal Rule of Criminal Procedure 41(g). The Government filed a motion for summary judgment, which the district court granted on June 30, 2012.

The uncontroverted summary judgment evidence establishes that the DEA seized from Landry $9,470 in cash related to these offenses on July 13, 2006. Pursuant to the notice requirements of civil-forfeiture proceedings, the DEA sent written notice by certified mail, return receipt requested, to Landry on August 11, 2006, at 5911 Little Creek Trail, Austin, TX 78758. This notice stated that the $9,470 would be subject to forfeiture proceedings. The notice was returned without any specific reason. The DEA sent the same written notice to Landry on the same date through certified mail, return receipt requested, to the Travis County Sheriff's Office, 500 W. 10th St., Austin, TX

---

[2] There are discrepancies between the amounts listed in Landry's original motion for return of the seized property and his brief on appeal. We use the numbers provided in his brief.

[3] Although Landry claims this money was seized, the Government confirmed below that it was obtained via administrative forfeiture. This distinction is immaterial, because we ultimately agree with the Government that there is no evidence that the United States obtained the funds.

2

No. 14-50782

78701. The notice was returned on August 23, 2006, with the notation "RETURN TO SENDER . . . INMATE NO LONGER HERE." On October 27, 2006, after confirming Landry's incarceration status, the DEA sent written notice through certified mail, return receipt requested, to Landry at Guadalupe County Detention Center, 2615 N. Guadalupe St., Seguin, TX 78155. On October 31, 2006, an individual accepted and signed for the certified mail. The notice informed Landry that he had until December 1, 2006, to file a claim in the forfeiture proceedings.

On August 28, 2006, the DEA began publishing notice of the administrative-forfeiture proceedings in *The Wall Street Journal*. The notice was published again on September 5, 2006, and September 11, 2006. The published notice explained how to contest the forfeiture and stated the deadline to file a claim was October 12, 2006. Landry filed no such claim, and the DEA administratively forfeited the $9,470 on December 18, 2006.

## II. DISCUSSION

This Court has jurisdiction over this appeal of a final judgment pursuant to 28 U.S.C. § 1291.

We review de novo a district court's grant of summary judgment. *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 648 (5th Cir. 2004). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although we view all facts in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor, *see Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997), conclusory allegations will not defeat a properly supported motion for summary judgment, *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 230 (5th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249 (1986)).

No. 14-50782

## A.　The 1994–2002 Seizures

Federal Rule of Criminal Procedure 41(g) provides: "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." A Rule 41(g) motion has a six-year statute of limitations. *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004) (per curiam). "[W]here no forfeiture proceedings were conducted, a claim accrues at the end of the 'limitations period during which the government is permitted to bring a forfeiture action . . . .'" *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) (quoting *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 654 (2d Cir. 1998)). Forfeiture proceedings of drug proceeds under customs laws must be commenced within five years after the time when the alleged offense was discovered. 21 U.S.C. § 881(d); 19 U.S.C. § 1621.

The Government argues that Landry's motion to recover his property seized between 1994 and 2002 is barred by the statute of limitations.[4] In addition, the Government notes that Landry has provided no evidence that the United States effectuated these seizures. There is no evidence of these seizures in the record; Landry merely asserts that they are listed in his PSR.

Even assuming the United States seized the property and never commenced forfeiture proceedings, Landry's claim to these funds fails. The six-year statute of limitations commences when the five-year period for the government to commence forfeiture proceedings expires.[5] For his challenge to

---

[4] Reading his brief in the most charitable light, Landry seems to argue that equitable tolling applies to his case. However, "[g]enerally a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Landry has not established either element; he simply reiterates his argument that notice was insufficient.

[5] This is because the six-year statute of limitations for the Rule 41(g) action would run from the expiration of the five-year statute of limitation of the Government's forfeiture action, *see* 21 U.S.C. § 881(d); 19 U.S.C. § 1621; *Bailey* 508 F.3d at 740.

4

be timely, therefore, Landry would have had to file his motion within eleven years of the date of the seizure. As noted above, Landry filed this action on September 27, 2013. Landry is therefore statutorily barred from seeking to recover money seized from him prior to September 27, 2002. Because the latest alleged seizure in this group occurred on January 1, 2002, Landry's claims are time-barred.

## B.    The 2005 Seizure

Landry seeks the return of his property seized in 2005 because the Government did not comport with the applicable notice requirements. As the Government notes, Landry provides no evidence that the United States seized or administratively forfeited the $2,635.[6] Moreover, Landry tacitly admitted in his response to the motion for summary judgment that the APD—and not the DEA—administratively forfeited the funds. Because Landry can point to no evidence that the United States seized these funds, there is no genuine dispute as to whether the United States followed proper procedure in doing so. *Cf. Reyna v. United States*, 180 F. App'x 495, 496 (5th Cir. 2006) (per curiam) (unpublished) (finding no jurisdiction over a claim against the United States for the return of vehicles that it had never possessed).

## C.    The 2006 Forfeiture

Landry argues that he did not receive timely notice of the 2006 administrative-forfeiture proceedings.[7] The Civil Asset Forfeiture Reform Act (CAFRA) provides "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Under

---

[6] In his original motion for return of the property, Landry alleges that APD seized the funds and "turned [them] over" to the DEA.

[7] He also claims that the Government failed to prove that the funds were "drug proceeds." However, the district court's review is limited to whether "the forfeiture comported with constitutional due process guarantees." *Kadonsky v. United States*, 216 F.3d 499, 506 (5th Cir. 2000).

No. 14-50782

CAFRA, personal notice must be sent within sixty days after the date of the seizure. *Id.* § 983(a)(1)(A)(i).[8] To initiate these proceedings, the Government must send personal notice to any person with an interest in the seized property and publish notice once a week for three successive weeks in a newspaper generally circulated in the judicial district where the property was seized. 19 U.S.C. § 1607(a)(4); 28 C.F.R. § 8.9(a)(1)(i), (b)(1). Any challenge to an administrative forfeiture must be filed within thirty-five days after the date the personal notice is mailed, or if personal notice is not received, then no later than thirty days after the date of final publication of notice of seizure. 19 U.S.C. § 983(a)(2)(B). It is uncontested that Landry did not file a claim within the appropriate time period.

Here, Landry's challenge to personal notice fails because he did not file suit within the statute of limitations. A motion to set aside the declaration of forfeiture must be filed no later than five years after the date of final publication of notice of seizure. 18 U.S.C. § 983(e)(1), (3). The date of final publication of notice of seizure of the property in *The Wall Street Journal* was September 11, 2006. Landry thus had until September 11, 2011, to challenge the personal notice of the forfeiture proceedings. He did not do so until September 27, 2013, when he filed this action. Thus Landry's challenge to the 2006 forfeiture is statutorily barred.

**D.    *Bivens***

Finally, Landry seemingly raises a *Bivens* claim for violations of the Fifth, Six, and Eighth Amendments. Such an action, however, cannot be brought directly against the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–87 (1994).

---

[8] Landry asserts that a six-year statute of limitations applies but cites no authority that supports that proposition.

No. 14-50782

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment for the Government.