# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2021

Lyle W. Cayce
Clerk

No. 19-20555

Jonathan Tampico,

*Plaintiff—Appellant*,

*versus*

Angel L. Martinez, III, *in his individual capacity*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-3631

Before King, Elrod, and Willett, *Circuit Judges.*

Per Curiam:

Local police, accompanied by FBI Officer Angel Martinez, arrested Jonathan Tampico at his home. During Tampico's arrest, the police and federal officers confiscated about two hundred items from Tampico's residence. Tampico sued Officer Martinez, in his individual capacity, alleging that his property had been illegally seized. The district court granted summary judgment on Tampico's claims, and Tampico now appeals the district court's grant of summary judgment. Because Tampico's claims are barred by the statute of limitations, we AFFIRM.

No. 19-20555

I.

On July 24, 1998, Tampico was arrested at his apartment by the College Station Police Department. Officer Martinez accompanied the Department to execute this arrest. On entry the Department noticed child pornography in plain sight. The Department subsequently obtained a warrant to search Tampico's residence as well as the neighboring premises. The police seized a large amount of child pornography from Tampico's apartment.

Tampico was indicted in the Southern District of Texas on four counts: possession, receipt, distribution, and reproduction of child pornography. The indictment included a notice that the government would seek forfeiture of various property related to Tampico's commission of the charged offenses. Originally, none of the items seized from Tampico's arrest were in Officer Martinez's possession. It was only after the federal warrant from the Southern District of Texas was issued that Officer Martinez took custody of about two hundred items seized from Tampico.

On February 14, 2000, Tampico was convicted of possession, receipt, and distribution of child pornography and sentenced to thirty years imprisonment to be served at the Federal Bureau of Prisons. The district court also dismissed the criminal forfeiture charge. Tampico unsuccessfully appealed his conviction to this court. *United States v. Tampico*, 265 F.3d 1059 (5th Cir. 2001), *rev'd* 535 U.S. 1014 (2002).

Tampico appealed to the Supreme Court of the United States which granted certiorari and vacated the judgment. The case was "remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002)." *Tampico v. United States*, 535 U.S. 1014 (2002). On remand, we held that "the Supreme Court's remand for further consideration in light of *Free Speech Coalition* did not invalidate Tampico's conviction and sentence." *United States v. Tampico*, 105 F. App'x. 593, 594 (5th Cir. 2004). Tampico was unable to

appeal our decision to the Supreme Court, making his criminal conviction final on November 1, 2004.

On May 11, 2009, Tampico filed a Return of Property Motion under Federal Rule of Criminal Procedure 41(g), which he subsequently revised. The district court denied as moot Tampico's motions for release of property. The order states "the Court is not in possession of any personal property belonging to the Defendant." Tampico submitted a motion under Federal Rule of Civil Procedure 59(e) to correct the denial order, which the court denied. This order indicated that the only property retained by the government was Defendant's cache of illegal pornography. Tampico claims he did not receive this order.

After a period of communication between Officer Martinez and Tampico's paralegal representative, Lynn Reeves,[1] on November 4, 2011, Officer Martinez allowed Reeves to inspect the property held by the FBI. Officer Martinez released assorted electronics, some documents, and World War II photographs to Reeves. Reeves was aware of Officer Martinez's intent to destroy the rest of the property.

Officer Martinez alleges that the prosecuting Assistant United States Attorney for the Southern District of Texas authorized the FBI to release or destroy the remaining property seized. Officer Martinez subsequently authorized FBI personnel to destroy the remaining property. By August 16, 2012, the FBI had disposed of all the remaining items.

On October 29, 2017, Tampico sued Officer Martinez in his individual capacity, alleging that his property had been illegally seized based on a defective warrant and in violation of the Fourth Amendment as well as federal and state law. He also asserted that almost all of what was seized,

---

[1] The Defendant incorrectly characterize Reeves as Tampico's sister. Reeves serves primarily as Tampico's representative, but she is also Tampico's brother-in-law's sister.

including family photos, was not tied to any illegal activity and had been wrongfully disposed of. Tampico sought $1 million in damages from Martinez under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also sought an order for return of his property, should it exist, pursuant to the court's general equitable jurisdiction under 28 U.S.C. § 1331.[2]

Officer Martinez moved to dismiss the complaint, contending, among other things, that Tampico's claims were barred by the statute of limitations.

The district court converted Officer Martinez's motion to dismiss into one for summary judgment. The district court then granted the motion for summary judgment. The district court determined that Tampico's claim for equitable relief was filed beyond the six-year statute of limitations for claims in equity against the United States and that the *Bivens* claim was brought after the two-year statute of limitations for such claims. The district court also noted that the government no longer possessed Tampico's property.

Tampico filed a motion to alter or amend the judgment. The district court denied the motion. Tampico timely appealed, seeking to have the district court's grant of Officer Martinez's summary judgment reversed and his case remanded to the district court.

## II.

"We 'review a district court's grant of summary judgment de novo, applying the same standards as the district court.'" *DeVoss v. Sw. Airlines Co.,* 903 F.3d 487, 490 (5th Cir. 2018) (quoting *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015)). Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material

---

[2] The district court correctly noted that, although Tampico only named Officer Martinez as a defendant, the United States should have been the proper defendant for his equitable claim for the return of his property.

No. 19-20555

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

On appeal Tampico argues that the district court erred in holding that his claims were time-barred.  Tampico also seeks appointed counsel.  We address each of these issues in turn.

## A.

Both Tampico's equitable claim under § 1331 and his *Bivens* claim are untimely.  We begin with his equitable claim.  28 U.S.C. § 2401(a) states that "every *civil action* commenced against the United States shall be barred unless the complaint is filed within six years after the *right of action first accrues*."  28 U.S.C. § 2401(a) (emphasis added).  We have previously held that the six-year statute of limitations in § 2401(a) applies to civil actions for the return of property.  *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007).

In *Bailey v. United States*, we explained that "[u]nder federal law, a cause of action accrues when the plaintiff is 'in possession of the critical facts that he has been hurt and who has inflicted the injury.'"  *Bailey*, 508 F.3d at 740 (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)).  In cases of seized property where no forfeiture proceedings were conducted, as here, "a claim accrues at the end of the 'limitations period during which the government is permitted to bring a forfeiture action, at which time the claimant—without other notice—had reason to know that the forfeiture proceedings had begun (or that the property was being held) without due process.'"  *Bailey*, 508 F.3d at 740 (quoting *Polanco v. U.S. Drug Enf't Admin.*, 158 F.3d 647, 654 (2d Cir. 1998)).

5

No. 19-20555

In a civil forfeiture proceeding,[3] an action for the return of property seized by the government accrues five years after the seizure of the property. *See Landry v. United States*, 600 F. App'x 216, 218 (5th Cir. 2015) (per curiam).  Here, Tampico's equitable claim accrued on July 24, 2003, five years after the government seized his property.  Tampico had six years from July 24, 2003 to bring his equitable claim, but he failed to do so.  Tampico filed this lawsuit on October 29, 2017, which is well after the statute of limitations had expired.

Tampico argues that his claim accrued on November 4, 2011, or alternatively, that his filing of a 41(g) motion for return of property on May 9, 2009 makes the instant lawsuit timely.  Neither of these arguments can prevail.  First, our test in *Bailey* clearly indicates that Tampico's equitable claim accrued on July 24, 2003. Tampico failed to file his equitable claim within six years, making his current lawsuit untimely.  Second, even if Tampico's 41(g) motion was timely, that has no bearing on the outcome of this case.  Neither Tampico's 41(g) motion, nor the district court's denial of that motion, is before us.  We are determining the timeliness of Tampico's October 29, 2017 lawsuit, which is unaffected by Tampico's filing of the 41(g) motion.

Because we hold that Tampico's equitable claim is time-barred, we need not address Tampico's suspicions about whether the government still possesses his property or whether Officer Martinez's sworn affidavit is admissible evidence to prove that Tampico's property had been destroyed.

---

[3] The government could also have brought a criminal forfeiture proceeding against Tampico. In a criminal forfeiture, the cause of action accrues when the defendant is convicted and judgment is entered. *See Katouzi v. U.S. Dept. of Homeland Sec.*, 537 F. App'x 320, 321 (5th Cir. 2013).  Here, Tampico's criminal proceeding ended on February 14, 2000, and he failed to file a lawsuit within six years.

In Texas, *Bivens* actions are limited by a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). A cause of action "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell*, 981 F.2d at 257. Even if we accepted Tampico's incorrect accrual date of November 4, 2011, his *Bivens* action was filed on October 29, 2017, well after the statute of limitations expired. Therefore, we hold that Tampico's *Bivens* action is time-barred.

### B.

A civil rights complainant, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). We are not required to appoint counsel for an indigent plaintiff in a civil lawsuit unless there exist exceptional circumstances warranting such an appointment. *Id.* We have supplied factors that should be considered in determining whether exceptional circumstances warrant the appointment of counsel, including:

> 1. the type and complexity of the case;
>
> 2. the petitioner's ability adequately to present and investigate his case;
>
> 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and
>
> 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992) (quoting *Murphy v. Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992)).

Here, Tampico has not shown that exceptional circumstances warranting the appointment of counsel exist. This case is not particularly

complex, and Tampico has sufficiently handled all procedures to this point. Furthermore, there are no additional factual investigations that must take place.  The appointment of counsel will not facilitate the administration of justice. Therefore, we deny Tampico's request for appointment of counsel.

## IV.

The district court's judgment is AFFIRMED. Plaintiff's motion to appoint counsel is DENIED.