# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2022

Lyle W. Cayce
Clerk

No. 21-51116

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles Marquez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1351-1

Before Stewart, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Charles Marquez was convicted of numerous sex-trafficking offenses in 2013. He was sentenced to a total term of life imprisonment and a life term of supervised release. In 2016, we affirmed his convictions and sentence. *See United States v. Marquez*, 667 F. App'x 496, 498 (5th Cir. 2016) (per curiam), *cert. denied*, 137 S. Ct. 1387 (2017). In 2021, Marquez sought the return of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51116

certain items that were confiscated in 2012 during the federal government's investigation. The district court denied Marquez's request. We AFFIRM.

I

In June 2012, during the course of its investigation into Marquez, the Department of Homeland Security executed a search warrant and seized several items in Marquez's possession. With the exception of a few items that were returned to Marquez's family members, DHS destroyed the items in December 2015.

In September 2021, Marquez filed a petition under Federal Rule of Criminal Procedure 41(g) in district court, seeking the return of the seized items.[1] The Government's response papers revealed that it had destroyed the items in 2015. Upon learning that the Government had destroyed his property, Marquez filed an amended petition seeking any duplicates of digital media seized by the Government, as well as monetary damages in compensation for the destroyed property. Separately, Marquez moved for summary judgment against the United States on the claims raised in his amended petition.

On October 28, 2021, the district court denied Marquez's amended petition on the merits, and his original petition as moot. On November 15, 2021, Marquez filed a notice of appeal from the district court's October 28 order denying his petition. On December 21, 2021, the district court issued another order denying Marquez's separate motion for summary judgment on the (already denied) claims raised in his petition. Marquez did not separately appeal the denial of his motion for summary judgment.

---

[1] A motion filed under Rule 41(g) in a criminal docket once the case has closed, as in this case, is considered a new civil proceeding. *See Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007).

No. 21-51116

## II

On appeal, Marquez raises three challenges to the district court's dismissal of his petition. First, he contends that the district court erred in denying his Rule 41(g) request for damages on sovereign-immunity grounds. Second, he argues that the district court erred by not giving him leave to amend his petition to add a *Bivens* claim seeking damages. Third, he suggests that the district court erred in ruling on his petition before his summary-judgment motion. We address, and reject, each challenge in turn.

## A

Marquez argues that his claim for monetary compensation under Rule 41(g) is not barred by sovereign immunity, and that the district court erred in concluding otherwise. His position, however, is squarely foreclosed by our precedent. *See Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) ("[T]he doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)."); *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998). We therefore reject this challenge.

## B

Next, Marquez contends that the district court erred by denying him leave to amend his pleading to assert a claim for monetary damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *See Peña*, 157 F.3d at 987 & n.3 (reasoning that "denial without leave to amend" under similar circumstances "would have the same effect as a 12(b)(6) dismissal of a *pro se* complaint," and noting that "such dismissals are disfavored"). The district court reasoned that a *Bivens* claim would be untimely under the applicable two-year statute of limitations, *see Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010), as the Government destroyed Marquez's property in December 2015 while Marquez did not file his Rule 41(g) motion until

No. 21-51116

September 2021.[2] Marquez suggests that his claim is not time-barred because he did not know that his property had been destroyed until *after* he filed his Rule 41(g) petition. *See id.* at 574 ("Under federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001))).

We need not reach the merits of Marquez's timeliness argument, as there is another basis for affirmance. *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) ("[W]e may affirm for any reason supported by the record, even if not relied on by the district court."). Although our older case law suggests that a *Bivens* action may lie when the federal government has destroyed a plaintiff's property, *Peña*, 157 F.3d at 987, in the years since, the Supreme Court has sharply curtailed the availability of *Bivens* actions. "Today, *Bivens* claims generally are limited to the circumstances of the Supreme Court's trilogy of cases in this area: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment." *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) (internal citations omitted). "Virtually everything else is a 'new context'" to which *Bivens* does not apply. *Id.* (quoting *Ziglar v. Abbasi*, 137 S.

---

[2] The two-year statute of limitations for a *Bivens* action under these circumstances is not to be confused with the six-year statute of limitations for a civil action for the return of property set forth in 28 U.S.C. § 2401(a). *Compare United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004) (applying § 2401(a) to a Rule 41(g) motion for the return of property), *with Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (noting that the statute of limitations for a *Bivens* action when the federal government destroys property is two years).

Ct. 1843, 1865 (2017)); *see Byrd v. Lamb*, 990 F.3d 879, 882 (5th Cir. 2021) ("In *Oliva*, we held that *Bivens* claims are limited to three situations."). Because none of the Supreme Court's cases recognize a *Bivens* claim for the deprivation of property, the district court's denial of leave to amend was justified. *See Gonzalez*, 592 F.3d at 681 (affirming denial of leave to amend on grounds of futility); *see also United States v. Mtaza*, 849 F. App'x 463, 469 (5th Cir. 2021) ("[N]one of the heretofore-recognized *Bivens* claims apply to the deprivation of property. We therefore cannot say that the district court's refusal to entertain a *Bivens* claim here was based on an erroneous view of the law.").

## C

Finally, Marquez suggests that the district court erred by dismissing his claims before ruling on his summary judgment motion. We discern no error. "The district court has broad discretion in controlling its own docket." *Edwards v. Cass Cnty.*, 919 F.2d 273, 275 (5th Cir. 1990). The court was within its discretion to dismiss the claims in the Rule 41(g) petition before ruling on Marquez's separate summary judgment motion. Further, by dismissing Marquez's claims, the district court necessarily denied him summary judgment on those very same claims. There is no basis for remand here.

## III

For these reasons, the district court's judgment is AFFIRMED.