# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2025

Lyle W. Cayce
Clerk

No. 25-40323
Summary Calendar

───────────────

Adedayo Sanusi,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

───────────────

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CV-1039

───────────────

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Federal inmate Adedayo Hakeem Sanusi filed a pro se Rule 41(g) motion in the district court for the return of certain electronics, legal-status documents, and personal effects seized by the government.[1] The district

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *See* Fed. R. Crim. P. 41(g) ("A person aggrieved . . . by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant,

No. 25-40323

court dismissed the suit without prejudice due to Sanusi's failure to prosecute and to comply with court orders. We AFFIRM.

In November 2021, Sanusi was sentenced to serve 84 months[2] and was confined to a federal correctional institution in California. Two years later, Sanusi mailed a Rule 41(g) motion to the district court. His motion references the docket number for his criminal case; but that case had terminated by the time he filed the motion, so the district court docketed the motion as a new civil action in equity.[3] The case lay dormant for the next eight months.

During that period, Sanusi was transferred to different correctional institutions—first to one in Louisiana in January 2024, then to another in Florida in August 2024. He did not notify the district court of his new addresses and, for reasons that are unclear, his mail was not forwarded.

In July and September 2024, the district court ordered Sanusi either to pay the filing fee for his case or to move for pauper status. Both orders were mailed to Sanusi's California address, and both returned to the court undelivered. In October 2024, the magistrate judge recommended the case be dismissed without prejudice for failure to prosecute and to comply with the court's orders. That recommendation was mailed to Sanusi in California, and also returned to the court undelivered. The district judge adopted the

---

but may impose reasonable conditions to protect access to the property and its use in later proceedings.").

[2] *See generally United States v. Sanusi*, No. 21-40864, 2023 WL 2808966, at *1 (5th Cir. Apr. 5, 2023) (noting Sanusi's guilty plea to possession of 15 or more access devices, aggravated identity theft, and illegal possession of device-making equipment).

[3] *See* 28 U.S.C. § 1331; *see also Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) ("Because Bailey's criminal case had concluded, the court properly construed it as a civil complaint under the court's general equity jurisdiction under 28 U.S.C. § 1331.").

magistrate's report and recommendation on December 2, 2024, and dismissed the case without prejudice. That judgment, too, was mailed and returned to the court.

On December 30, 2024, Sanusi moved for leave to refile his claim and to proceed in forma pauperis, noting his change of address. The district judge referred the matter to the magistrate judge, who construed the motion as one brought under Rule 59(e), and recommended that it be denied.[4]

Sanusi objected to the recommendation and, for the first time, explained his transfers to the different carceral facilities. He blamed his failure to comply with the court's orders on "administrative errors and ineffective mail delivery" by the Bureau of Prisons, and argued he'd "promptly moved to cure any alleged default . . . as soon as he became aware of the dismissal." The district judge overruled the objections, adopted the magistrate's recommendation, and dismissed Sanusi's case *without* prejudice on May 21, 2025. Sanusi timely appealed. He argues that dismissal *with* prejudice is too severe a sanction under the circumstances.

Rule 41(b) authorizes district courts to dismiss actions sua sponte for failure to prosecute or to comply with a court order.[5] We review Rule 41(b) dismissals that enter without prejudice for abuse of discretion.[6] But we apply a heightened standard where the statute of limitations has arguably run on the claim, since a dismissal without prejudice in that scenario would operate

---

[4] *See* Fed. R. Civ. P. 59(e).

[5] *See* Fed. R. Civ. P. 41(b); *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).

[6] *See Larson v. Scott*, 157 F.3d 1030, 1031–32 (5th Cir. 1998).

as one with prejudice.[7] Under this heightened standard, there must be "a clear record of delay or contumacious conduct by the plaintiff."[8]

So the extent of our review turns on whether the statute of limitations has arguably run on Sanusi's claim. An action in equity for the return of seized property has a six-year limitations period.[9] This six-year period begins to run once the five-year limitations period for the government to file forfeiture proceedings expires, where no forfeiture proceedings are actually commenced.[10] Put another way—if forfeiture proceedings are not instituted, then an equitable claim for the return of property expires 11 years after the subject property is seized.[11]

Sanusi asserts the government has not instituted forfeiture proceedings as to his property. But he doesn't specify when his property was seized; nor does the record shed light on the date of seizure. Absent that information, we cannot say that the statute of limitations has arguably run on Sanusi's claim during the pendency of this suit. We thus limit our review to

---

[7] *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008); *Boazman v. Econ. Labs.*, 537 F.2d 210, 213 (5th Cir. 1976).

[8] *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted).

[9] *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004) (per curiam); *see also* 28 U.S.C. § 2401(a) ("Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.").

[10] *See Tampico v. Martinez*, 987 F.3d 387, 391 (5th Cir. 2021) (per curiam); 19 U.S.C. § 1621. In cases of criminal forfeiture, a claim for return of property accrues "when the defendant is convicted and judgment is entered." *Tampico*, 987 F.3d at 391 n.3. The judgment in Sanusi's criminal case does not mention forfeiture. *See* Judgment, *United States v. Sanusi*, No. 4:20-CR-172 (E.D. Tex. Nov. 10, 2021), Dkt. No. 37.

[11] *See Landry v. United States*, 600 F. App'x 216, 219 (5th Cir. 2015) (per curiam) ("For his challenge to be timely, therefore, Landry would have had to file his motion within eleven years of the date of the seizure.").

No. 25-40323

whether the district court abused its discretion, and find none. The district court's judgment dismissing Sanusi's suit without prejudice is therefore AFFIRMED. Sanusi may refile his equitable claim[12] and compile an appropriate record in his refiled suit, at which point the issue of limitations, if any, may be determined. We caution that this opinion is not to be construed as a comment on the ultimate merits of that future action.

---

[12] Sanusi states his case sounds of a *Bivens* action for the deprivation of property. *See Bivins v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971). But the Supreme Court has curtailed the availability of *Bivens* claims to three scenarios far afield from the present context. *See Byrd v. Lamb*, 990 F.3d 879, 882 (5th Cir. 2021) (per curiam); *United States v. Mtaza*, 849 F. App'x 463, 469 (5th Cir. 2021) (per curiam) (finding amendment to Rule 41(g) motion to plead *Bivens* claim futile because "none of the heretofore-recognized *Bivens* claims apply to the deprivation of property"). As a result, we need not analyze the limitations period for a *Bivens* claim in this appeal, and construe Sanusi's claim solely as an equitable action for the return of property.