# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50968
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES MARQUEZ, also known as El Gordo, also known as Puerkote, also known as Henry, also known as Paul, also known as Pablo, also known as Carlos Marquez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1351-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Charles Marquez was convicted by a jury of sex trafficking of children; sex trafficking by force, fraud, or coercion; transportation for prostitution; coercion enticement; conspiracy to commit coercion and enticement; and importation of an alien for immoral purpose, and received a total within-guidelines sentence of life imprisonment and a life term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50968

Represented by counsel, Marquez raises three issues on appeal: (1) the district court abused its discretion by admitting as intrinsic evidence that he had sexual intercourse with an underage girl (C.V.C.), and by admitting as extrinsic, for the purpose of demonstrating knowledge and intent under Federal Rule of Evidence 404(b), evidence that he was separately investigated in 1998 and 1999 for running an escort service; (2) his due process rights were violated by the Government's failure to correct false testimony; and (3) his sentence was substantively unreasonable.  Although Marquez's brief mentions a fourth issue, that his convictions should be reversed based on cumulative error, he fails to adequately brief this issue and has accordingly abandoned it. *United States v. Scroggins*, 599 F.3d 433, 447-48 (5th Cir. 2010).

We review the district court's evidentiary rulings for an abuse of discretion, subject to a harmless error inquiry.  *See United States v. Hicks*, 389 F.3d 514, 522 (5th Cir. 2004).  The district court did not abuse its discretion by concluding the evidence that Marquez had sex with C.V.C. was intrinsic. C.V.C. testified that she knew Marquez was recruiting her for prostitution, and her testimony demonstrates that she had sex with Marquez as a part of that recruiting process.  Marquez's stated purpose of having sex with C.V.C. was to determine whether she was a police officer and how she would act with potential customers.  Accordingly, Marquez's sexual contact with C.V.C. was inextricably intertwined with the sex trafficking of a minor offense under 18 U.S.C. § 1591(a) charged in the indictment.  *See United States v. Ceballos*, 789 F.3d 607, 620 (5th Cir. 2015).

As to the evidence of the prior investigation into Marquez's escort business, we find no reversible error.  *See United States v. Beechum*, 582 F.2d 898, 911-15 (5th Cir. 1978) (en banc); *United States v. Chavez*, 119 F.3d 342, 346-47 (5th Cir. 1997).  Even assuming the district court erred by failing to

explicitly perform the Federal Rule of Evidence 403 balancing test on the record or by reaching an erroneous conclusion under the balancing test, *see United States v. Zabinah*, 837 F.2d 1249, 1266 (5th Cir. 1988), the Government correctly asserts that any error was harmless.  An error is harmless unless it affects Marquez's substantial rights, *United States v. McCall*, 553 F.3d 821, 827 (5th Cir. 2008), and an error affects Marquez's substantial rights only where "there is a reasonable probability that the improperly admitted evidence contributed to the conviction," *United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007).  The evidence presented against Marquez was strong.  A number of Marquez's female employees and clients testified regarding Marquez's prostitution operation, including the recruitment process, transportation of a woman over the Texas-Mexico border for prostitution, recruitment of an underage girl, and use of threats and force against the women.   The Government also presented telephone records, text messages, photographs, and ledgers relating to the offense.

To demonstrate "a due process violation, the appellant[] must establish that (1) [the prosecution witness] testified falsely; (2) the government knew the testimony was false; and (3) the testimony was material."  *United States v. Mason*, 293 F.3d 826, 828 (5th Cir. 2002).  Marquez has not demonstrated that the testimony of B.G.G.T., Durwood Spencer, or Homeland Security Special Agent Anthony Miranda concerning immunity given to witnesses was false; accordingly, he has not demonstrated error, much less plain error, and his due process argument fails.  *See id.*

While we generally review the substantive reasonableness of the sentence for an abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), plain error review applies where, as here, the defendant fails to object in the district court, *see United States v. Mondragon-Santiago*, 564 F.3d 357,

361 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). Marquez contends that his sentence is substantively unreasonable because none of the witnesses testified that Marquez was ever violent or injured them and because prostitution is legal in some portions of the United States. At trial and sentencing, numerous witnesses testified that Marquez threatened and withheld pay from employees and raped or coerced women into sex. Marquez cites no case law to support his argument. The district court heard and took into account the statements and testimony of the victims and the arguments made by defense counsel and Marquez himself, as well as the 18 U.S.C. § 3553(a) factors, when determining that a within-guidelines sentence was appropriate. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Accordingly, Marquez has not demonstrated error, much less plain error. *See Puckett*, 556 U.S. at 135; *Gall*, 552 U.S. at 51.

Finally, Marquez has filed motions to proceed pro se with standby counsel and to stay the appellate proceedings. Marquez is essentially asking us to approve a hybrid representation. He has not "clearly and unequivocally" asserted his desire to proceed pro se, *Myers v. Johnson*, 76 F.3d 1330, 1334 (5th Cir. 1996), given that he requests that his current counsel—counsel whom he has repeatedly attempted to have replaced—remain on the case as standby counsel. He has no constitutional right to such representation on appeal, and we generally do not permit such representation. *See id.*; *see also United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999). We see no reason to make an exception here.

AFFIRMED. All pending motions are DENIED.